# EXHIBIT A

**BAGOLIE-FRIEDMAN, LLC**
Alan T. Friedman, Esq., (I.D. #: 032931993)
648 Newark Avenue
Jersey City, NJ 07306
P: (201) 656-8500
F: (201) 656-4703
Attorneys for Plaintiffs

**STAG LIUZZA, LLC**
Michael G. Stag, Esq.
Merritt Cunningham, Esq.
365 Canal Street, # 2850
New Orleans, LA 70130
P: (504) 593-9600
F: (504) 383-9346
Attorneys for Plaintiffs

| | |
|---|---|
| RICHARD HUHN, JANICE ABRAMS-YOUNG, ) | SUPERIOR COURT OF NEW JERSEY |
| EMMA ADAMES, JARED ALLEN, ) | |
| KELVIN ALLEN, DEVONNA ALLISON, ) | |
| CHAD ARMENT, REBECCA ARMSTRONG, ) | DIVISION-MORRIS COUNTY, |
| DAVID ASHBURN, BRADLEY BALDING, ) | |
| BRADLEY BALSTER, EDWARD BARRY, ) | DOCKET NO: _____ |
| ROGER BASSINGER, TODD BEEHLER, ) | CIVIL ACTION |
| TYRONE BELL, BENJAMIN BERKOWITZ, ) | |
| JEFFREY BERRY, KARRIE BOOMER, ) | |
| MARK BOWMAN, CURTIS BOYETTE, ) | **COMPLAINT & DEMAND FOR** |
| JAMES BRACCI, CEDRIC BRAGG, ) | **JURY TRIAL** |
| WALTER BROOKS, MATTHEW BROWN, ) | |
| ZACH BROWN, HERMAN BUCHANAN, ) | |
| DANIEL BULLOCK, AUSTIN BURKHALTER, ) | |
| BRYAN BURNS, JESSE BURROUGHS, ) | |
| JEFFREY CAMPBELL, PAUL CARANGELO, ) | |
| EDWARD CARMICHAEL, ) | |
| FERNANDO CARRASCO, ROBERT CAULKINS,) | |
| KENNETH CHAMBERS, TIMOTHY CLARK, ) | |
| GUSTAVO CLAUDIO, JEREMY COLEMAN, ) | |
| AARON COLLINS, BRIAN COPPER, ) | |
| TERESE CORMAN, CARLOS CORONADO, ) | |
| JACK COX, KEITH COX,BENNIE CRAIG, ) | |
| CHARLES CRAIN, JAMES DACUS, ) | |
| DALE DAUGHERTY, FRANKLIN DAVIS JR., ) | |
| DAVE DAWLEY, DANIEL DELIFUS, ) | |
| WILLIAM DORN, ROBERT DOWELL, ) | |
| TRACY DRAKE, JOHN DUGGAN, ) | |
| DAVID DYMKOSKI, GREGORY DYSART ) | |
| STEPHANIE EADS, JEFFERY EARLY, ) | |

1

JACQUELINE EDWARDS, DAVID ELDER,  )
STEVE ELLIOTT, JOHN ELMS,  )
RAVEN FAHLE, WAYNE FANSLAU,  )
CECIL FARMER, JOSHUA FARR,  )
CRAIG FERGUSON, CHARLES FIGURES,  )
SHARON FINNEY, ERNEST FISHER, JR.,  )
CARL FLEMING, JR., WILFREDO FLOREZ,  )
BRENT FONNER, ALICIA FORD,  )
MICHAEL FORD, GEORGE FORDYCE,  )
JASON FORE, SAMUEL GARANA,  )
JORDAN GIRARD, KYLE GRALEY,  )
BETTY GRANT-ANDERSON,  )
ALONZO GREGG, WILLIAM GREY,  )
KERRY GRUBB, RACHEAL GUILLORY,  )
JAIME GUTIERREZ,  )
JAMES HALL, RICHARD HAMILTON,  )
CHARLES HANCE, CHARLES HARRIS,  )
PATRICK L. HART, DEBRAH HEMMINGER,  )
JULIA HERNANDEZ, JASON HERSH,  )
TERRY HETRICK, FRANK HICKEY,  )
VERONICA HIGAREDA, NELSON HILL, JR.,  )
ROBERT HINSON, MARK HOFFARTH,  )
WAYNE HOLCOMBE, JAMES HOLLER,  )
DENNIS HUBNER, JOEL HYMAN,  )
RYAN INGLES,  )
ANA IRIGOYEN, LASHANDA JACKSON,  )
ROBERT JACKSON, WENDY JOHANSON,  )
STEVEN JONAS, WALTER JONES,  )
JOHN JUNKERS, MARKE JUREK,  )
RAYMOND KAWA, CHARLES KEENER,  )
KEVIN KERR, DAVID KEYES,  )
JAMES KNIGHT, JUNE KOCIS,  )
LARRY KRAMER, JEFFREY KREIDER,  )
BOBBI KREISER, LORI LAKE,  )
ALEXANDRA LANDER DAVIS,  )
THOMAS LAWLEY, SR.,  )
JOSHUA LECHELER, LAWRENCE LEE,  )
SCOTT LEONHARDT, COREY LEWINGS,  )
RANDALL LOGAN, ANDREA LOPEZ,  )
KEVIN LORD, EDWARD LOREK,  )
JOSHUA MAESTAS, VEASNA MAO,  )
WILBUR MAR, THOMAS MARCINIAK,  )
GARY MAROZAS, REGINALD MARTIN,  )
WILLIAM MARTIN, CONNIE MARTINEZ,  )
GEORGE MASSEY, JOAQUIN MCDOWEL,  )
WILLIAM MCINTIRE, CHARLES MCNAIR,  )
BENNY MELTON, GARY MERILL,  )

2

MONTE MILLER, JAYNENE MISKEL,
THOMAS MITCHELL, DARCEY MOFFATT,
KENNETH MONTAGUE,
CHRISTOPHER MONTENEGRO,
MICHAEL MONTOYA, DEBORAH MOONEY,
ABEL MORALES, EDWARD MORALES,
JEFFREY MORGAN, GEORGE NAHM,
MARK NAPIER, NICHOLAS NEIL,
NATHANIEL NELSON, MARGARET NESBIT,
CHRISTOPHER NICHOLS, JERMAINE NOBLE,
BABATUNDE OLUJOBI, DWIGHT ONLEY,
CHARLES OPRY, DEBORAH OWENS,
WILLIAM PAESE, MARISA PARKER,
CORDELLA PEARCEY, ALLEN PENN,
TOMMY PHILLIPS,
JESSICA PHILLIPS-BREZNICAN,
HANS PINTO, DOROTHY PORTER
SHARI POTTER, KYLIE RASMUSSEN,
GLENN REILLY, JESSICA REILLY,
CLEVELAND REYNOLDS, DENNIS RICE,
CHRISTOPHER ROBINSON, JACOB ROSS,
GERALD ROWE, RALPH ROZEVINK
GEORGE RUIZ, LAURIE SALES
TONI SCHILB, JAMES SEARS, JR.,
RONALD SEEBERG, BRETT SELIGER,
CLINT SESSIONS, SONNY SHAMOON,
JENSEN SHIRLEY, BRAD SKOOG,
MELANIE SMITH, KYLE SOLAKIAN,
WILLIAM STENGER, ALYCIA STOKES,
JIMMIE SUTTERFIELD, RICHARD SWAYZE,
JIMMY TABER, RAY TARR,
CHARLES K. TARVER, DANIEL TAYLOR,
SHERRY THOMPSON, TREVOR THOMSON
BOYD TUCKER, ANDREW VALLES,
FRANCISCO VALTIERA, III,
JACK VANDERBERG,
CHARLES VEALE, DAVID VICENTE,
JOHN VITTERA, KENNETH VOLEN,
JOHN WAGNER, JONATHAN WALLACE,
THOMAS WALLACE, LOUIS WALLGREN,
BRENT WALTON, DALE WEAVER,
TERRY WELCH, DIMETRIC WHITE,
JOSIE WHITE, KEVIN WHITE,
SCOTT WHITEHURST, RANDALL WHITMAN,
TY WHITTAKER, DAVID WIESE,
AL J. WILLIAMS, APRIL WILLIAMS,
CURTIS WILLIAMS, SCOTT K WILLIAMS,      )

JOHN WILLIAMSON, ANNA WILSON, )
ANTHONY WILSON, DONALD WITHROW, )
FRANK WLEKLINSKI, RONALD WOODALL, )
JAMES WOODARD, MARK WOODS, )
DENNIS WRIGHT, JAMES WYCKOFF, )
RONALD YOUNG, SCOTT YOUNG, )
SHAWN YOUNG, )
CHRISTOPHER YOUNGBLOOD, )
                                           )
Plaintiffs, )
                                           )
                                           )
v. )
                                           )
THE 3M COMPANY (f/k/a Minnesota Mining )
and Manufacturing Company); )
AGC CHEMICALS AMERICAS INC.; )
AMEREX CORP; ARCHROMA U.S. )
INC.; ARKEMA, INC.; BASF CORP.; )
BUCKEYE FIRE EQUIPMENT CO.; )
CARRIER GLOBAL CORP.; CHEMDESIGN )
PRODUCTS, INC.; CHEMGUARD, INC.; )
CHEMICALS, INC.; THE CHEMOURS CO.; )
CHEMOURS COMPANY FC, LLC; )
CHUBB FIRE, LTD.; CLARIANT CORP.; )
CORTEVA, INC.; DEEPWATER )
CHEMICALS, INC., DU PONT DE )
NEMOURS, INC.; DYNAX CORP., )
E.I. DU PONT DE NEMOURS AND )
COMPANY, KIDDE PLC, INC., )
NATION FORD CHEMICAL CO., )
NATIONAL FOAM, INC., )
TYCO FIRE PRODUCTS LP, )
UNITED TECHNOLOGIES CORP., )
UTC FIRE & SECURITY AMERICAS, )
CORP., ALLSTAR FIRE EQUIPMENT, )
FIRE-DEX, LLC, GLOBE )
MANUFACTURING CO., LLC, )
HONEYWELL SAFETY PRODUCTS USA, )
INC., LION GROUP, INC., MALLORY )
SAFETY AND SUPPLY, LLC, )
MINE SAFETY APPLIANCES CO., LLC, )
MUNICIPAL EMERGENCY SERVICES, )
INC., PBI PERFORMANCE PRODUCTS, )
INC., SOUTHERN MILLS, INC., )

4

STEDFAST USA, INC., W.L. GORE         )
ASSOCIATES INC.,                        )
                                           )
Defendants.                          )

## COMPLAINT

COME NOW, Plaintiffs, by and through undersigned counsel, and allege upon information and belief as follows:

## INTRODUCTION

1.      Plaintiffs bring this action for damages for personal injury resulting from exposure to aqueous film-forming foams ("AFFF") and firefighter turnout gear ("TOG") containing the toxic chemicals collectively known as per and polyfluoroalkyl substances ("PFAS"). PFAS includes, but is not limited to, perfluorooctanoic acid ("PFOA") and perfluorooctane sulfonic acid ("PFOS") and related chemicals including those that degrade to PFOA and/or PFOS.

2.      AFFF is a specialized substance designed to extinguish petroleum-based fires. It has been used for decades by military and civilian firefighters to extinguish fires in training and in response to Class B fires.

3.      TOG is personal protective equipment designed for heat and moisture resistance in order to protect firefighters in hazardous situations. Most turnout gear is made up of a thermal liner, moisture barrier, and an outer layer. The inner layers contain PFAS, and the outer layer is often treated with additional PFAS.

4.      Defendants collectively designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold, and/or otherwise released into the stream of commerce AFFF or TOG with knowledge that it contained highly toxic and bio persistent PFAS, which would expose persons who came into contact with the product either directly (use as intended) or indirectly (as an aftermath of use through air, soil, water) to the risks

associated with PFAS. Further, defendants designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF or TOG which contained PFAS for use in firefighting.

5.      PFAS binds to proteins in the blood of humans exposed to the material and remains and persists over long periods of time. Due to their unique chemical structure, PFAS accumulates in the blood and body of exposed individuals.

6.      PFAS are highly toxic and carcinogenic chemicals. Defendants knew, or should have known, that PFAS remain in the human body while presenting significant health risks to humans.

7.      Defendants' PFAS-containing AFFF or TOG products were used by Plaintiffs in their intended manner, without significant change in the products' condition. Plaintiffs were unaware of the dangerous properties of Defendants' AFFF or TOG products and relied on Defendants' instructions as to the proper handling of the products. Plaintiffs' consumption, inhalation and/or dermal absorption of PFAS from Defendant's AFFF or TOG products caused Plaintiffs to develop the serious medical conditions and complications alleged herein.

8.      Through this action, Plaintiffs seek to recover compensatory and punitive damages arising out of the permanent and significant damages sustained as a direct result of exposure to Defendants' AFFF or TOG products or water contaminated with PFAS from Defendants' AFFF or TOG products at various locations during the course of Plaintiffs' training and firefighting activities. Plaintiffs further seek injunctive, equitable, and declaratory relief arising from the same.

## JURISDICTION AND VENUE

9.      Defendants are subject to the jurisdiction of this Court on the grounds that (a) one or more Defendants is a foreign corporation whose principal place of business is located in the State of New Jersey; (b) one or more Defendants is a foreign corporation that either are registered to conduct

6

business in the State of New Jersey and have actually transacted business in New Jersey; and/or (c) one or more Defendants is a domestic corporation native to the State of New Jersey.

10.     Venue is proper pursuant to R. 4:3-2 as the causes of action arose in this county.

11.     Joinder of all parties is proper pursuant to R. 4:29-1. Defendants are permissively joined in this action because the exposure, injuries, and relief requested all arise out of or in respect of the same transaction, occurrence, or series of transactions or occurrences, and involves questions of law or fact common to all parties.

## **PARTIES**

12.     Plaintiff Richard Huhn is a resident and citizen of Boonton, New Jersey. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

13.     Plaintiff Richard Huhn. was diagnosed with kidney cancer as a result of exposure to Defendants' AFFF or TOG products.

14.     Plaintiff Janice Abrams-Young is a resident and citizen of Oceanside, California. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

15.     Plaintiff Janice Abrams-Young was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

16.     Plaintiff Emma Adames is a resident and citizen of Las Vegas, Nevada. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

17.     Plaintiff Emma Adames was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

7

18.     Plaintiff Jared Allen is a resident and citizen of Yucaipa, California. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

19.     Plaintiff Jared Allen was diagnosed with ulcerative colitis as a result of exposure to Defendants' AFFF or TOG products.

20.     Plaintiff Kelvin Allen is a resident and citizen of Calera, Alabama. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

21.     Plaintiff Kelvin Allen was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

22.     Plaintiff DeVonna Allison is a resident and citizen of Ocala, Florida. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

23.     Plaintiff DeVonna Allison was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

24.     Plaintiff Chad Arment is a resident and citizen of Shelton, Washington. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his working career as a military and/or civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

25.     Plaintiff Chad Arment was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

26.     Plaintiff Rebecca Armstrong is a resident and citizen of Linden, North Carolina. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

27.     Plaintiff Rebecca Armstrong was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

28.     Plaintiff David Ashburn is a resident and citizen of Powell, Tennessee. Plaintiff regularly

used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his working career as a military and/or civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

29.     Plaintiff David Ashburn was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG product.

30.     Plaintiff Bradley Balding is a resident and citizen of Littleton, Colorado. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his working career as a military and/or civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

31.     Plaintiff Bradley Balding was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

32.     Plaintiff Bradley Balster is a resident and citizen of Royse City, Texas. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his working career as a military and/or civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

33.     Plaintiff Bradley Balster was diagnosed with testicular cancer as a result of exposure to Defendants' AFFF or TOG products.

34.     Plaintiff Edward Barry is a resident and citizen of Morris, Illinois. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his working career as a military and/or civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

35.     Plaintiff Edward Barry was diagnosed with ulcerative colitis as a result of exposure to Defendants' AFFF or TOG products.

36.     Plaintiff Roger Bassinger is a resident and citizen of Benton, Texas. Plaintiff regularly used,

and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his working career as a military and/or civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

37.    Plaintiff Roger Bassinger was diagnosed with thyroid cancer as a result of exposure to Defendants' AFFF or TOG products.

38.    Plaintiff Todd Beehler is a resident and citizen of Mooresville, North Carolina. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

39.    Plaintiff Todd Beehler was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

40.    Plaintiff Tyrone Bell is a resident and citizen of Los Angeles, California. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

41.    Plaintiff Tyrone Bell was diagnosed with thyroid cancer and thyroid cancer as a result of exposure to Defendants' AFFF or TOG products.

42.    Plaintiff Benjamin Berkowitz is a resident and citizen of Las Vegas, Nevada. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his working career as a military and/or civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

43.    Plaintiff Benjamin Berkowitz  was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

44.    Plaintiff Jeffrey Berry is a resident and citizen of Shalimar, Florida. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

45.    Plaintiff Jeffrey Berry was diagnosed with kidney cancer as a result of exposure to

Defendants' AFFF or TOG products.

46.     Plaintiff Karrie Boomer is a resident and citizen of Grovetown, Georgia. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his working career as a military and/or civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

47.     Plaintiff Karrie Boomer was diagnosed with thyroid cancer as a result of exposure to Defendants' AFFF or TOG products.

48.     Plaintiff Mark Bowman is a resident and citizen of Independence, Kentucky. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

49.     Plaintiff Mark Bowman was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

50.     Plaintiff Curtis Boyette is a resident and citizen of Coral Springs, Florida. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

51.     Plaintiff Curtis Boyette was diagnosed with ulcerative colitis as a result of exposure to Defendants' AFFF or TOG products.

52.     Plaintiff James Bracci is a resident and citizen of Queen Creek, California. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his working career as a military and/or civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

53.     Plaintiff James Bracci was diagnosed with testicular cancer as a result of exposure to Defendants' AFFF or TOG products.

54.     Plaintiff Cedric Bragg is a resident and citizen of Camden, Arkansas. Plaintiff regularly

11

used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his working career as a military and/or civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

55.     Plaintiff Cedric Bragg was diagnosed with kidney cancer as a result of exposure to Defendants' AFFF or TOG products.

56.     Plaintiff Walter Brooks is a resident and citizen of North Las Vegas, Nevada. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

57.     Plaintiff Walter Brooks was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

58.     Plaintiff Matthew Brown is a resident and citizen of August, Maine. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his working career as a military and/or civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

59.     Plaintiff Matthew Brown was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

60.     Plaintiff Zach Brown is a resident and citizen of Andover, Kansas. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

61.     Plaintiff Zach Brown was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

62.     Plaintiff Herman Buchanan is a resident and citizen of Dade City, Florida. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his working career as a military and/or civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

63.     Plaintiff Herman Buchanan was diagnosed with kidney cancer and thyroid cancer as a result of exposure to Defendants' AFFF or TOG products.

64.     Plaintiff Daniel Bullock is a resident and citizen of Minneapolis, Minnesota. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his working career as a military and/or civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

65.     Plaintiff Daniel Bullock was diagnosed with liver cancer as a result of exposure to Defendants' AFFF or TOG products.

66.     Plaintiff Austin Burkhalter is a resident and citizen of Conroe, Texas. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his working career as a military and/or civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

67.     Plaintiff Austin Burkhalter was diagnosed with ulcerative colitis as a result of exposure to Defendants' AFFF or TOG products.

68.     Plaintiff Bryan Burns is a resident and citizen of Edmond, Oklahoma. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his working career as a military and/or civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

69.     Plaintiff Bryan Burns was diagnosed with kidney cancer and thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

70.     Plaintiff Jesse Burroughs is a resident and citizen of Albuquerque, New Mexico. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

71.     Plaintiff Jesse Burroughs was diagnosed with testicular cancer as a result of exposure to

13

Defendants' AFFF or TOG products.

72.     Plaintiff Jeffrey Campbell is a resident and citizen of Antioch, California. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

73.     Plaintiff Jeffrey Campbell was diagnosed with testicular cancer as a result of exposure to Defendants' AFFF or TOG products.

74.     Plaintiff Paul Carangelo is a resident and citizen of Jacksonville, Florida. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

75.     Plaintiff Paul Carangelo was diagnosed with kidney cancer as a result of exposure to Defendants' AFFF or TOG products.

76.     Plaintiff Edward Carmichael is a resident and citizen of Bluemont, West Virginia. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

77.     Plaintiff Edward Carmichael was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

78.     Plaintiff Fernando Carrasco is a resident and citizen of Davie, Florida. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

79.     Plaintiff Fernando Carrasco was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

14

80.    Plaintiff Robert Caulkins is a resident and citizen of Tomah, Wisconsin. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

81.    Plaintiff Robert Caulkins was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

82.    Plaintiff Kenneth Chambers is a resident and citizen of Phenix City, Alabama. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

83.    Plaintiff Kenneth Chambers was diagnosed with kidney cancer as a result of exposure to Defendants' AFFF or TOG products.

84.    Plaintiff Timothy Clark is a resident and citizen of Tarpon Springs, Florida. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

85.    Plaintiff Timothy Clark was diagnosed with testicular cancer as a result of exposure to Defendants' AFFF or TOG products.

86.    Plaintiff Gustavo Claudio is a resident and citizen of Windsor, Connecticut. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

87.    Plaintiff Gustavo Claudio was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

88.    Plaintiff Jeremy Coleman is a resident and citizen of Eureka, California. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training

and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

89.     Plaintiff Jeremy Coleman was diagnosed with liver cancer as a result of exposure to Defendants' AFFF or TOG products.

90.     Plaintiff Aaron Collins is a resident and citizen of Houston, Texas. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

91.     Plaintiff Aaron Collins was diagnosed with kidney cancer as a result of exposure to Defendants' AFFF or TOG products.

92.     Plaintiff Brian Copper is a resident and citizen of La Farge, Wisconsin. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

93.     Plaintiff Brian Copper was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

94.     Plaintiff Terese Corman is a resident and citizen of Colorado Springs, Colorado. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

95.     Plaintiff Terese Corman was diagnosed with kidney cancer and thyroid cancer as a result of exposure to Defendants' AFFF or TOG products.

96.     Plaintiff Carlos Coronado is a resident and citizen of San Antonio, Texas. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

97.     Plaintiff Carlos Coronado was diagnosed with ulcerative colitis as a result of exposure to Defendants' AFFF or TOG products.

98.     Plaintiff Jack Cox is a resident and citizen of Greeley, Colorado. Plaintiff regularly used,

and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

99.   Plaintiff Jack Cox was diagnosed with thyroid cancer as a result of exposure to Defendants' AFFF or TOG products.

100.   Plaintiff Keith Cox is a resident and citizen of Fort Liberty, North Carolina. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

101.   Plaintiff Keith Cox was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

102.   Plaintiff Bennie Craig is a resident and citizen of Conroe, Texas. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

103.   Plaintiff Bennie Craig was diagnosed with thyroid diseaseas a result of exposure to Defendants' AFFF or TOG products.

104.   Plaintiff Charles Crain is a resident and citizen of Oceanside, California. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

105.   Plaintiff Charles Crain was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

106.   Plaintiff James Dacus is a resident and citizen of Puyallup, Washington. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

17

107.    Plaintiff James Dacus was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

108.    Plaintiff Dale Daugherty is a resident and citizen of Hillsboro, Oregon. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

109.    Plaintiff Dale Daugherty was diagnosed with ulcerative colitis as a result of exposure to Defendants' AFFF or TOG products.

110.    Plaintiff Franklin Davis, Jr. is a resident and citizen of Vancleave, Mississippi. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

111.    Plaintiff Franklin Davis, Jr. was diagnosed with testicular cancer as a result of exposure to Defendants' AFFF or TOG products.

112.    Plaintiff Dave Dawley is a resident and citizen of Carson City, Nevada. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

113.    Plaintiff Dave Dawley was diagnosed with thyroid cancer as a result of exposure to Defendants' AFFF or TOG products.

114.    Plaintiff Daniel Delifus is a resident and citizen of Jacksonville, Florida. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

115.    Plaintiff Daniel Delifus was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

18

116.    Plaintiff William Dorn is a resident and citizen of Bellingham, Washington. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

117.    Plaintiff William Dorn was diagnosed with kidney cancer as a result of exposure to Defendants' AFFF or TOG products.

118.    Plaintiff Robert Dowell is a resident and citizen of Union, Oregon. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

119.    Plaintiff Robert Dowell was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

120.    Plaintiff Tracy Drake is a resident and citizen of Chillicoth, Ohio. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

121.    Plaintiff Tracy Drake was diagnosed with kidney cancer as a result of exposure to Defendants' AFFF or TOG products.

122.    Plaintiff John Duggan is a resident and citizen of San Antonio, Texas. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

123.    Plaintiff John Duggan was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

124.    Plaintiff David Dymkoski is a resident and citizen of New Kingsington, Pennsylvania. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a

19

civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

125.    Plaintiff David Dymkoski was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

126.    Plaintiff Gregory Dysart is a resident and citizen of Meridian, Mississippi. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

127.    Plaintiff Gregory Dysart was diagnosed with thyroid cancer as a result of exposure to Defendants' AFFF or TOG products.

128.    Plaintiff Stephanie Eads is a resident and citizen of Wallkill, New York. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

129.    Plaintiff Stephanie Eads was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

130.    Plaintiff Jeffery Early is a resident and citizen of Jackson, Michigan. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

131.    Plaintiff Jeffery Early was diagnosed with testicular cancer as a result of exposure to Defendants' AFFF or TOG products.

132.    Plaintiff Jacqueline Edwards is a resident and citizen of Davenport, Iowa. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

133.    Plaintiff Jacqueline Edwards was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

134.    Plaintiff David Elder is a resident and citizen of Mount Pleasant, South Carolina. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

135.    Plaintiff David Elder was diagnosed with kidney cancer as a result of exposure to Defendants' AFFF or TOG products.

136.    Plaintiff Steve Elliott is a resident and citizen of Manns Choice, Pennsylvania. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

137.    Plaintiff Steve Elliott was diagnosed with ulcerative colitis as a result of exposure to Defendants' AFFF or TOG products.

138.    Plaintiff John Elms is a resident and citizen of El Lago, Texas. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

139.    Plaintiff John Elms was diagnosed with liver cancer as a result of exposure to Defendants' AFFF or TOG products.

140.    Plaintiff Raven Fahle is a resident and citizen of Lake Saint Louis, Missouri. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

141.    Plaintiff Raven Fahle was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

142.    Plaintiff Wayne Fanslau is a resident and citizen of West Deptfort, New Jersey. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

21

143.    Plaintiff Wayne Fanslau was diagnosed with kidney cancer as a result of exposure to Defendants' AFFF or TOG products.

144.    Plaintiff Cecil Farmer is a resident and citizen of Mount Airy, North Carolina. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

145.    Plaintiff Cecil Farmer was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

146.    Plaintiff Joshua Farr is a resident and citizen of Elk Grove, California. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

147.    Plaintiff Joshua Farr was diagnosed with ulcerative colitis as a result of exposure to Defendants' AFFF or TOG products.

148.    Plaintiff Craig Ferguson is a resident and citizen of Delaware, Ohio. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

149.    Plaintiff Craig Ferguson was diagnosed with thyroid cancer as a result of exposure to Defendants' AFFF or TOG products.

150.    Plaintiff Charles Figures is a resident and citizen of East Point, Georgia. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

151.    Plaintiff Charles Figures was diagnosed with ulcerative colitis as a result of exposure to

22

Defendants' AFFF or TOG products.

152.    Plaintiff Sharon Finney is a resident and citizen of Sanford, North Carolina. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

153.    Plaintiff Sharon Finney was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

154.    Plaintiff Ernest Fisher, Jr. is a resident and citizen of Miltpn, FLorida. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

155.    Plaintiff Ernest Fisher, Jr. was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

156.    Plaintiff Carl Fleming, Jr. is a resident and citizen of Maryville, Tennessee. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

157.    Plaintiff Carl Fleming, Jr. was diagnosed with ulcerative colitis as a result of exposure to Defendants' AFFF or TOG products.

158.    Plaintiff Wilfredo Florez is a resident and citizen of Riverview, Florida. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

159.    Plaintiff Wilfredo Florez was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

160.    Plaintiff Brent Fonner is a resident and citizen of Palmetto Bay, Florida. Plaintiff regularly

23

used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

161.     Plaintiff Brent Fonner was diagnosed with kidney cancer and thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

162.     Plaintiff Alicia Ford is a resident and citizen of Walterboro, South Carolina. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

163.     Plaintiff Alicia Ford was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

164.     Plaintiff Michael Ford is a resident and citizen of Orlando, Florida. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

165.     Plaintiff Michael Ford was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

166.     Plaintiff George Fordyce is a resident and citizen of Crossville, Tennessee. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

167.     Plaintiff George Fordyce was diagnosed with kidney cancer as a result of exposure to Defendants' AFFF or TOG products.

168.     Plaintiff Jason Fore is a resident and citizen of Star Tannery, Virginia. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

169.     Plaintiff Jason Fore was diagnosed with kidney cancer as a result of exposure to Defendants' AFFF or TOG products.

24

170.   Plaintiff Samuel Garana is a resident and citizen of Las Vegas, Nevada. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

171.   Plaintiff Samuel Garana was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

172.   Plaintiff Jordan Girard is a resident and citizen of Omaha, Nebraska. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

173.   Plaintiff Jordan Girard was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

174.   Plaintiff Kyle Graley is a resident and citizen of Hampton, Tennessee. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

175.   Plaintiff Kyle Graley was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

176.   Plaintiff Betty Grant-Anderson is a resident and citizen of Moreno Valley, California. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

177.   Plaintiff Betty Grant-Anderson was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

178.   Plaintiff Alonzo Gregg is a resident and citizen of Knoxville, Tennessee. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter.

Plaintiff was also exposed to PFAS through ingestion of drinking water.

179.   Plaintiff Alonzo Gregg was diagnosed with kidney cancer as a result of exposure to Defendants' AFFF or TOG products.

180.   Plaintiff William Grey is a resident and citizen of Elk Grove, California. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

181.   Plaintiff William Grey was diagnosed with kidney cancer as a result of exposure to Defendants' AFFF or TOG products.

182.   Plaintiff Kerry Grubb is a resident and citizen of Farmingdale, New York. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

183.   Plaintiff Kerry Grubb was diagnosed with testicular cancer as a result of exposure to Defendants' AFFF or TOG products.

184.   Plaintiff Racheal Guillory is a resident and citizen of Carencro, Louisiana. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

185.   Plaintiff Racheal Guillory was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

186.   Plaintiff Jaime Gutierrez is a resident and citizen of Pensacola, Florida. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

187.   Plaintiff Jaime Gutierrez was diagnosed with kidney cancer as a result of exposure to Defendants' AFFF or TOG products.

188.   Plaintiff James Hall is a resident and citizen of Nickelsville, Virginia. Plaintiff regularly

used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

189.    Plaintiff James Hall was diagnosed with kidney cancer as a result of exposure to Defendants' AFFF or TOG products.

190.    Plaintiff Richard Hamilton is a resident and citizen of Folsom, Louisiana. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

191.    Plaintiff Richard Hamilton was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

192.    Plaintiff Charles Hance is a resident and citizen of Parrottsville, Tennessee. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

193.    Plaintiff Charles Hance was diagnosed with ulcerative colitis as a result of exposure to Defendants' AFFF or TOG products.

194.    Plaintiff Charles Harris is a resident and citizen of Mobile, Alabama. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

195.    Plaintiff Charles Harris was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

196.    Plaintiff Patrick L. Hart is a resident and citizen of Olympia, Washington. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian

firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

197. Plaintiff Patrick L. Hart was diagnosed with kidney cancer as a result of exposure to Defendants' AFFF or TOG products.

198. Plaintiff Debrah Hemminger is a resident and citizen of Farmington, New York. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

199. Plaintiff Debrah Hemminger was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

200. Plaintiff Julia Hernandez is a resident and citizen of Bakersfield, California. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

201. Plaintiff Julia Hernandez was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

202. Plaintiff Jason Hersh is a resident and citizen of Boca Raton, Florida. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

203. Plaintiff Jason Hersh was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

204. Plaintiff Terry Hetrick is a resident and citizen of Sokane Valley, Washington. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

205. Plaintiff Terry Hetrick was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

206. Plaintiff Frank Hickey is a resident and citizen of Nampa, Idaho. Plaintiff regularly used,

and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

207. Plaintiff Frank Hickey was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

208. Plaintiff Veronica Higareda is a resident and citizen of Cypress, Tecas. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

209. Plaintiff Veronica Higareda was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

210. Plaintiff Nelson Hill, Jr. is a resident and citizen of Milton, Florida. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

211. Plaintiff Nelson Hill, Jr. was diagnosed with liver cancer as a result of exposure to Defendants' AFFF or TOG products.

212. Plaintiff Robert Hinson is a resident and citizen of Santa Clarita, California. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

213. Plaintiff Robert Hinson was diagnosed with testicular cancer as a result of exposure to Defendants' AFFF or TOG products.

214. Plaintiff Mark Hoffarth is a resident and citizen of Packwood, Washington. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in

training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

215.    Plaintiff Mark Hoffarth was diagnosed with testicular cancer as a result of exposure to Defendants' AFFF or TOG products.

216.    Plaintiff Wayne Holcombe is a resident and citizen of Grants Pass, Oregon. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

217.    Plaintiff Wayne Holcombe was diagnosed with ulcerative colitis as a result of exposure to Defendants' AFFF or TOG products.

218.    Plaintiff James Holler is a resident and citizen of Sugar Grove, North Carolina. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

219.    Plaintiff James Holler was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

220.    Plaintiff Dennis Hubner is a resident and citizen of Tower Hill, Illinois. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

221.    Plaintiff Dennis Hubner was diagnosed with testicular cancer and kidney cancer as a result of exposure to Defendants' AFFF or TOG products.

222.    Plaintiff Joel Hyman is a resident and citizen of Panama City, Florida. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

223.     Plaintiff Joel Hyman was diagnosed with kidney cancer as a result of exposure to Defendants' AFFF or TOG products.

224.     Plaintiff Ryan Ingles is a resident and citizen of Warsaw, New York. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

225.     Plaintiff Ryan Ingles was diagnosed with ulcerative colitis as a result of exposure to Defendants' AFFF or TOG products.

226.     Plaintiff Ana Irigoyen is a resident and citizen of Fairchild AFB, Washington. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

227.     Plaintiff Ana Irigoyen was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

228.     Plaintiff Lashanda Jackson is a resident and citizen of Pensacola, Florida. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

229.     Plaintiff Lashanda Jackson was diagnosed with thyroid cancer as a result of exposure to Defendants' AFFF or TOG products.

230.     Plaintiff Robert Jackson is a resident and citizen of Allen, Texas. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

231.     Plaintiff Robert Jackson was diagnosed with thyroid cancer as a result of exposure to Defendants' AFFF or TOG products.

232.     Plaintiff Wendy Johanson is a resident and citizen of Sneads Ferry, North Carolina. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at

31

military installations.

233.   Plaintiff Wendy Johanson was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

234.   Plaintiff Steven Jonas is a resident and citizen of Bay City, Michigan. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

235.   Plaintiff Steven Jonas was diagnosed with testicular cancer as a result of exposure to Defendants' AFFF or TOG products.

236.   Plaintiff Walter Jones is a resident and citizen of Daytona Beach, Florida. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

237.   Plaintiff Walter Jones was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

238.   Plaintiff John Junkers is a resident and citizen of Sebring, Florida. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

239.   Plaintiff John Junkers was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

240.   Plaintiff Marke Jurek is a resident and citizen of Jarrell, Texas. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

241.   Plaintiff Marke Jurek was diagnosed with thyroid disease as a result of exposure to

Defendants' AFFF or TOG products.

242.     Plaintiff Raymond Kawa is a resident and citizen of Surfside Beach, South Carolina. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

243.     Plaintiff Raymond Kawa was diagnosed with thyroid cancer as a result of exposure to Defendants' AFFF or TOG products.

244.     Plaintiff Charles Keener is a resident and citizen of Douglasville, Georgia. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

245.     Plaintiff Charles Keener was diagnosed with ulcerative colitis as a result of exposure to Defendants' AFFF or TOG products.

246.     Plaintiff Kevin Kerr is a resident and citizen of Blaine, Washington. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

247.     Plaintiff Kevin Kerr was diagnosed with liver cancer and testicular cancer as a result of exposure to Defendants' AFFF or TOG products.

248.     Plaintiff David Keyes is a resident and citizen of Toms River, New Jersey. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

249.     Plaintiff David Keyes was diagnosed with kidney cancer and liver cancer as a result of

exposure to Defendants' AFFF or TOG products.

250.     Plaintiff James Knight is a resident and citizen of Topeka, Kansas. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

251.     Plaintiff James Knight was diagnosed with kidney cancer as a result of exposure to Defendants' AFFF or TOG products.

252.     Plaintiff June Kocis is a resident and citizen of Reedsport, Oregon. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

253.     Plaintiff June Kocis was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

254.     Plaintiff Larry Kramer is a resident and citizen of Jacksonville, Florida. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

255.     Plaintiff Larry Kramer was diagnosed with testicular cancer as a result of exposure to Defendants' AFFF or TOG products.

256.     Plaintiff Jeffrey Kreider is a resident and citizen of Lancaster, Pennsylvania. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

257.     Plaintiff Jeffrey Kreider was diagnosed with kidney cancer as a result of exposure to Defendants' AFFF or TOG products.

258.     Plaintiff Bobbi Kreiser is a resident and citizen of Belleville, Illinois. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

259.     Plaintiff Bobbi Kreiser was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

34

260.    Plaintiff Lori Lake is a resident and citizen of West Des Moines, Iowa. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

261.    Plaintiff Lori Lake was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

262.    Plaintiff Alexandra Lander Davis is a resident and citizen of Kyle, Texas. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

263.    Plaintiff Alexandra Lander Davis was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

264.    Plaintiff Thomas Lawley, Sr. is a resident and citizen of Newton, North Carolina. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

265.    Plaintiff Thomas Lawley, Sr. was diagnosed with ulcerative colitis as a result of exposure to Defendants' AFFF or TOG products.

266.    Plaintiff Joshua Lecheler is a resident and citizen of Palestine, Illinois. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

267.    Plaintiff Joshua Lecheler was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

268.    Plaintiff Lawrence Lee is a resident and citizen of Wake Forest, North Carolina. Plaintiff

35

was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

269. Plaintiff Lawrence Lee was diagnosed with kidney cancer as a result of exposure to Defendants' AFFF or TOG products.

270. Plaintiff Scott Leonhardt is a resident and citizen of Merrill, Wisconsin. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

271. Plaintiff Scott Leonhardt was diagnosed with ulcerative colitis as a result of exposure to Defendants' AFFF or TOG products.

272. Plaintiff Corey Lewings is a resident and citizen of Monroe, Louisiana. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

273. Plaintiff Corey Lewings was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

274. Plaintiff Randall Logan is a resident and citizen of Bloomington Springs, Tennessee. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

275. Plaintiff Randall Logan was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

276. Plaintiff Andrea Lopez is a resident and citizen of Thousand Oaks, California. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

277.    Plaintiff Andrea Lopez was diagnosed with thyroid cancer as a result of exposure to Defendants' AFFF or TOG products.

278.    Plaintiff Kevin Lord is a resident and citizen of Otis Orchards-East Farms, Washington. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

279.    Plaintiff Kevin Lord was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

280.    Plaintiff Edward Lorek is a resident and citizen of Galveston, Texas. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

281.    Plaintiff Edward Lorek was diagnosed with kidney cancer and ulcerative colitis as a result of exposure to Defendants' AFFF or TOG products.

282.    Plaintiff Joshua Maestas is a resident and citizen of Pueblo West, Colorado. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

283.    Plaintiff Joshua Maestas was diagnosed with kidney cancer as a result of exposure to Defendants' AFFF or TOG products.

284.    Plaintiff Veasna Mao is a resident and citizen of Susanville, California. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

285.    Plaintiff Veasna Mao was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

286.    Plaintiff Wilbur Mar is a resident and citizen of Wichita, Kansas. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to

37

extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

287.    Plaintiff Wilbur Mar was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

288.    Plaintiff Thomas Marciniak is a resident and citizen of Midland, Michigan. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

289.    Plaintiff Thomas Marciniak was diagnosed with thyroid cancer as a result of exposure to Defendants' AFFF or TOG products.

290.    Plaintiff Gary Marozas is a resident and citizen of Middleboro, Massachusetts. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

291.    Plaintiff Gary Marozas was diagnosed with kidney cancer as a result of exposure to Defendants' AFFF or TOG products.

292.    Plaintiff Reginald Martin is a resident and citizen of Bellflower, California. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

293.    Plaintiff Reginald Martin was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

294.    Plaintiff William Martin is a resident and citizen of Aurora, Ohio. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter.

Plaintiff was also exposed to PFAS through ingestion of drinking water.

295.    Plaintiff William Martin was diagnosed with kidney cancer as a result of exposure to Defendants' AFFF or TOG products.

296.    Plaintiff Connie Martinez is a resident and citizen of Niagara Falls, New York. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

297.    Plaintiff Connie Martinez was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

298.    Plaintiff George Massey is a resident and citizen of Gastonia, North Carolina. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

299.    Plaintiff George Massey was diagnosed with kidney cancer as a result of exposure to Defendants' AFFF or TOG products.

300.    Plaintiff Joaquin McDowel is a resident and citizen of Gulf Shores, Alabama. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

301.    Plaintiff Joaquin McDowel was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

302.    Plaintiff William McIntire is a resident and citizen of Yuma, Arizona. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

303.    Plaintiff William McIntire was diagnosed with kidney cancer as a result of exposure to Defendants' AFFF or TOG products.

304.    Plaintiff Charles McNair is a resident and citizen of Navarre, Alabama. Plaintiff regularly

39

used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

305.    Plaintiff Charles McNair was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

306.    Plaintiff Benny Melton is a resident and citizen of Flat Rock, Michigan. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

307.    Plaintiff Benny Melton was diagnosed with kidney cancer as a result of exposure to Defendants' AFFF or TOG products.

308.    Plaintiff Gary Merill is a resident and citizen of Maple Heights, Ohio. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

309.    Plaintiff Gary Merill was diagnosed with kidney cancer as a result of exposure to Defendants' AFFF or TOG products.

310.    Plaintiff Monte Miller is a resident and citizen of Boonsboro, Maryland. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

311.    Plaintiff Monte Miller was diagnosed with kidney cancer as a result of exposure to Defendants' AFFF or TOG products.

312.    Plaintiff Jaynene Miskel is a resident and citizen of Suffolk, Virginia. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training

and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

313.     Plaintiff Jaynene Miskel was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

314.     Plaintiff Thomas Mitchell is a resident and citizen of Houston, Texas. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

315.     Plaintiff Thomas Mitchell was diagnosed with kidney cancer as a result of exposure to Defendants' AFFF or TOG products.

316.     Plaintiff Darcey Moffatt is a resident and citizen of Scott Depot, West Virginia. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

317.     Plaintiff Darcey Moffatt was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

318.     Plaintiff Kenneth Montague is a resident and citizen of Colorado Springs, Colorado. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

319.     Plaintiff Kenneth Montague was diagnosed with testicular cancer as a result of exposure to Defendants' AFFF or TOG products.

320.     Plaintiff Christopher Montenegro is a resident and citizen of La Crescenta-Montrose, California. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

321.     Plaintiff Christopher Montenegro was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

41

322. Plaintiff Michael Montoya is a resident and citizen of Bosque, New Mexico. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

323. Plaintiff Michael Montoya was diagnosed with testicular cancer as a result of exposure to Defendants' AFFF or TOG products.

324. Plaintiff Deborah Mooney is a resident and citizen of Mount Airy, Maryland. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

325. Plaintiff Deborah Mooney was diagnosed with thyroid cancer as a result of exposure to Defendants' AFFF or TOG products.

326. Plaintiff Abel Morales is a resident and citizen of Converse, Texas. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

327. Plaintiff Abel Morales was diagnosed with testicular cancer as a result of exposure to Defendants' AFFF or TOG products.

328. Plaintiff Edward Morales is a resident and citizen of Cumming, Georgia. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

329. Plaintiff Edward Morales was diagnosed with kidney cancer as a result of exposure to Defendants' AFFF or TOG products.

330. Plaintiff Jeffrey Morgan is a resident and citizen of Winchester, California. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

331. Plaintiff Jeffrey Morgan was diagnosed with kidney cancer as a result of exposure to

Defendants' AFFF or TOG products.

332. Plaintiff George Nahm is a resident and citizen of Castleton, New York. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

333. Plaintiff George Nahm was diagnosed with kidney cancer as a result of exposure to Defendants' AFFF or TOG products.

334. Plaintiff Mark Napier is a resident and citizen of Wilton Manors, Florida. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

335. Plaintiff Mark Napier was diagnosed with ulcerative colitis as a result of exposure to Defendants' AFFF or TOG products.

336. Plaintiff Nicholas Neil is a resident and citizen of Wellsburg, West Virginia. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

337. Plaintiff Nicholas Neil was diagnosed with ulcerative colitis as a result of exposure to Defendants' AFFF or TOG products.

338. Plaintiff Nathaniel Nelson is a resident and citizen of Fernley, Nevada. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

339. Plaintiff Nathaniel Nelson was diagnosed with ulcerative colitis as a result of exposure to Defendants' AFFF or TOG products.

340. Plaintiff Margaret Nesbit is a resident and citizen of Goose Creek, South Carolina. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military

43

installations.

341.   Plaintiff Margaret Nesbit was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

342.   Plaintiff Christopher Nichols is a resident and citizen of Gulf Breeze, Florida. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

343.   Plaintiff Christopher Nichols was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

344.   Plaintiff Jermaine Noble is a resident and citizen of Orange Park, Florida. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

345.   Plaintiff Jermaine Noble was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

346.   Plaintiff Babatunde Olujobi is a resident and citizen of Upper Marlboro, Maryland. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

347.   Plaintiff Babatunde Olujobi was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

348.   Plaintiff Dwight Onley is a resident and citizen of College Park, Maryland. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

349.   Plaintiff Dwight Onley was diagnosed with kidney cancer as a result of exposure to Defendants' AFFF or TOG products.

350.   Plaintiff Charles Opry is a resident and citizen of Columbus, Georgia. Plaintiff regularly

44

used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

351.     Plaintiff Charles Opry was diagnosed with kidney cancer as a result of exposure to Defendants' AFFF or TOG products.

352.     Plaintiff Deborah Owens is a resident and citizen of Mattoon, Illinois. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

353.     Plaintiff Deborah Owens was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

354.     Plaintiff William Paese is a resident and citizen of Poughkeepsie, New York. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

355.     Plaintiff William Paese was diagnosed with kidney cancer as a result of exposure to Defendants' AFFF or TOG products.

356.     Plaintiff Marisa Parker is a resident and citizen of Portsmouth, Virginia. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

357.     Plaintiff Marisa Parker was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

358.     Plaintiff Cordella Pearcey is a resident and citizen of Orlando, Florida. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

359. Plaintiff Cordella Pearcey was diagnosed with thyroid disease and ulcerative colitis as a result of exposure to Defendants' AFFF or TOG products.

360. Plaintiff Allen Penn is a resident and citizen of Chesapeake, Virginia. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

361. Plaintiff Allen Penn was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

362. Plaintiff Tommy Phillips is a resident and citizen of Taylor, Arkansas. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

363. Plaintiff Tommy Phillips was diagnosed with kidney cancer as a result of exposure to Defendants' AFFF or TOG products.

364. Plaintiff Jessica Phillips-Breznican is a resident and citizen of Southside, Tennessee. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

365. Plaintiff Jessica Phillips-Breznican was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

366. Plaintiff Hans Pinto is a resident and citizen of Fredericksburg, Virginia. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

367. Plaintiff Hans Pinto was diagnosed with thyroid disease and ulcerative colitis as a result of exposure to Defendants' AFFF or TOG products.

368.    Plaintiff Dorothy Porter is a resident and citizen of Pittsford, Michigan. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

369.    Plaintiff Dorothy Porter was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

370.    Plaintiff Shari Potter is a resident and citizen of Morristown, Tennessee. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

371.    Plaintiff Shari Potter was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

372.    Plaintiff Kylie Rasmussen is a resident and citizen of Carthage, New York. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

373.    Plaintiff Kylie Rasmussen was diagnosed with kidney cancer as a result of exposure to Defendants' AFFF or TOG products.

374.    Plaintiff Glenn Reilly is a resident and citizen of Ventura, California. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

375.    Plaintiff Glenn Reilly was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

376.    Plaintiff Jessica Reilly is a resident and citizen of Chicago, Illinois. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

377.    Plaintiff Jessica Reilly was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

378.    Plaintiff Cleveland Reynolds is a resident and citizen of Pleasant Grove, Alabama.

Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

379.     Plaintiff Cleveland Reynolds was diagnosed with ulcerative colitis as a result of exposure to Defendants' AFFF or TOG products.

380.     Plaintiff Dennis Rice is a resident and citizen of Jacksonville, Alabama. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

381.     Plaintiff Dennis Rice was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

382.     Plaintiff Christopher Robinson is a resident and citizen of Midlothian, Virginia. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

383.     Plaintiff Christopher Robinson was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

384.     Plaintiff Jacob Ross is a resident and citizen of Fort Walton Beach, Florida. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

385.     Plaintiff Jacob Ross was diagnosed with testicular cancer as a result of exposure to Defendants' AFFF or TOG products.

386.     Plaintiff Gerald Rowe is a resident and citizen of Fort Mitchell, Alabama. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

48

387.     Plaintiff Gerald Rowe was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

388.     Plaintiff Ralph Rozevink is a resident and citizen of Tama, Iowa. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

389.     Plaintiff Ralph Rozevink was diagnosed with thyroid cancer as a result of exposure to Defendants' AFFF or TOG products.

390.     Plaintiff George Ruiz is a resident and citizen of San Diego, California. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

391.     Plaintiff George Ruiz was diagnosed with thyroid cancer as a result of exposure to Defendants' AFFF or TOG products.

392.     Plaintiff Laurie Sales is a resident and citizen of Columbus, Georgia. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

393.     Plaintiff Laurie Sales was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

394.     Plaintiff Toni Schilb is a resident and citizen of Bloomington, Illinois. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

395.     Plaintiff Toni Schilb was diagnosed with thyroid disease and thyroid cancer as a result of exposure to Defendants' AFFF or TOG products.

396.     Plaintiff James Sears, Jr. is a resident and citizen of South Glen Falls, New York. Plaintiff

was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

397.     Plaintiff James Sears, Jr. was diagnosed with kidney cancer and testicular cancer as a result of exposure to Defendants' AFFF or TOG products.

398.     Plaintiff Ronald Seeberg is a resident and citizen of Bradenton, Florida. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

399.     Plaintiff Ronald Seeberg was diagnosed with testicular cancer as a result of exposure to Defendants' AFFF or TOG products.

400.     Plaintiff Brett Seliger is a resident and citizen of Crestline, California. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

401.     Plaintiff Brett Seliger was diagnosed with kidney cancer and testicular cancer as a result of exposure to Defendants' AFFF or TOG products.

402.     Plaintiff Clint Sessions is a resident and citizen of Billings, Montana. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

403.     Plaintiff Clint Sessions was diagnosed with ulcerative colitis as a result of exposure to Defendants' AFFF or TOG products.

404.     Plaintiff Sonny Shamoon is a resident and citizen of Clinton Township, Michigan. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

405.     Plaintiff Sonny Shamoon was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

406.     Plaintiff Jensen Shirley is a resident and citizen of Bonsall, California. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

407.     Plaintiff Jensen Shirley was diagnosed with kidney cancer as a result of exposure to Defendants' AFFF or TOG products.

408.     Plaintiff Brad Skoog is a resident and citizen of Menahga, Minnesota. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

409.     Plaintiff Brad Skoog was diagnosed with kidney cancer as a result of exposure to Defendants' AFFF or TOG products.

410.     Plaintiff Melanie Smith is a resident and citizen of Noblesville, Indiana. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

411.     Plaintiff Melanie Smith was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

412.     Plaintiff Kyle Solakian is a resident and citizen of Schenectady, New York. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

413.     Plaintiff Kyle Solakian was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

414.     Plaintiff William Stenger is a resident and citizen of Norwalk, Connecticut. Plaintiff

51

regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

415.    Plaintiff William Stenger was diagnosed with ulcerative colitis as a result of exposure to Defendants' AFFF or TOG products.

416.    Plaintiff Alycia Stokes is a resident and citizen of Woodstock, Georgia. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

417.    Plaintiff Alycia Stokes was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

418.    Plaintiff Jimmie Sutterfield is a resident and citizen of Sugar Hill, Georgia. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

419.    Plaintiff Jimmie Sutterfield was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

420.    Plaintiff Richard Swayze is a resident and citizen of Las Vegas, Nevada. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

421.    Plaintiff Richard Swayze was diagnosed with ulcerative colitis as a result of exposure to Defendants' AFFF or TOG products.

422.    Plaintiff Jimmy Taber is a resident and citizen of Merced, California. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

423.    Plaintiff Jimmy Taber was diagnosed with kidney cancer as a result of exposure to

Defendants' AFFF or TOG products.

424.    Plaintiff Ray Tarr is a resident and citizen of Sand Springs, Oklahoma. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

425.    Plaintiff Ray Tarr was diagnosed with ulcerative colitis as a result of exposure to Defendants' AFFF or TOG products.

426.    Plaintiff Charles K. Tarver is a resident and citizen of Fort Walton Beach, Florida. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

427.    Plaintiff Charles K. Tarver was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

428.    Plaintiff Daniel Taylor is a resident and citizen of Mesa, Arizona. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

429.    Plaintiff Daniel Taylor was diagnosed with kidney cancer and thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

430.    Plaintiff Sherry Thompson is a resident and citizen of Memphis, Tennessee. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

431.    Plaintiff Sherry Thompson was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

432.    Plaintiff Trevor Thomson is a resident and citizen of Boerne, Texas. Plaintiff was exposed

53

to PFAS through ingestion of drinking water while living and/ or working at military installations.

433. Plaintiff Trevor Thomson was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

434. Plaintiff Boyd Tucker is a resident and citizen of Troy, Ohio. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

435. Plaintiff Boyd Tucker was diagnosed with ulcerative colitis as a result of exposure to Defendants' AFFF or TOG products.

436. Plaintiff Andrew Valles is a resident and citizen of Acton, Massachusetts. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

437. Plaintiff Andrew Valles was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

438. Plaintiff Francisco Valtiera, III is a resident and citizen of Denton, Texas. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

439. Plaintiff Francisco Valtiera, III was diagnosed with liver cancer as a result of exposure to Defendants' AFFF or TOG products.

440. Plaintiff Jack Vanderberg is a resident and citizen of Warrington, . Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

441. Plaintiff Jack Vanderberg was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

54

442.     Plaintiff Charles Veale is a resident and citizen of Auburn, Alabama. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

443.     Plaintiff Charles Veale was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

444.     Plaintiff David Vicente is a resident and citizen of St. Simons Island, Georgia. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

445.     Plaintiff David Vicente was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

446.     Plaintiff John Vittera is a resident and citizen of Chaska, Minnesota. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

447.     Plaintiff John Vittera was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

448.     Plaintiff Kenneth Volen is a resident and citizen of Shawnee, Kansas. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

449.     Plaintiff Kenneth Volen was diagnosed with ulcerative colitis as a result of exposure to Defendants' AFFF or TOG products.

450.     Plaintiff John Wagner is a resident and citizen of Calabash, North Carolina. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

451.     Plaintiff John Wagner was diagnosed with kidney cancer and thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

452.     Plaintiff Jonathan Wallace is a resident and citizen of Surprise, Arizona. Plaintiff was

exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

453.     Plaintiff Jonathan Wallace was diagnosed with kidney cancer as a result of exposure to Defendants' AFFF or TOG products.

454.     Plaintiff Thomas Wallace is a resident and citizen of Nathalie, Virginia. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

455.     Plaintiff Thomas Wallace was diagnosed with thyroid disease and testicular cancer as a result of exposure to Defendants' AFFF or TOG products.

456.     Plaintiff Louis Wallgren is a resident and citizen of Macomb, Oklahoma. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

457.     Plaintiff Louis Wallgren was diagnosed with kidney cancer as a result of exposure to Defendants' AFFF or TOG products.

458.     Plaintiff Brent Walton is a resident and citizen of Hebron, Kentucky. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

459.     Plaintiff Brent Walton was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

460.     Plaintiff Dale Weaver is a resident and citizen of La Vernia, Texas. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

461.     Plaintiff Dale Weaver was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

462.    Plaintiff Terry Welch is a resident and citizen of Pinconning, Michigan. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

463.    Plaintiff Terry Welch was diagnosed with kidney cancer as a result of exposure to Defendants' AFFF or TOG products.

464.    Plaintiff Dimetric White is a resident and citizen of Benton Harbor, Michigan. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

465.    Plaintiff Dimetric White was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

466.    Plaintiff Josie White is a resident and citizen of Jasper, Texas. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

467.    Plaintiff Josie White was diagnosed with kidney cancer as a result of exposure to Defendants' AFFF or TOG products.

468.    Plaintiff Kevin White is a resident and citizen of Thomasville, North Carolina. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

469.    Plaintiff Kevin White was diagnosed with thyroid disease and ulcerative colitis as a result of exposure to Defendants' AFFF or TOG products.

470.    Plaintiff Scott Whitehurst is a resident and citizen of Dothan, Alabama. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training

and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

471.    Plaintiff Scott Whitehurst was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

472.    Plaintiff Randall Whitman is a resident and citizen of Dayton, Ohio. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

473.    Plaintiff Randall Whitman was diagnosed with testicular cancer as a result of exposure to Defendants' AFFF or TOG products.

474.    Plaintiff Ty Whittaker is a resident and citizen of Miller, Missouri. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

475.    Plaintiff Ty Whittaker was diagnosed with thyroid cancer as a result of exposure to Defendants' AFFF or TOG products.

476.    Plaintiff David Wiese is a resident and citizen of Columbia, Illinois. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

477.    Plaintiff David Wiese was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

478.    Plaintiff Al J. Williams is a resident and citizen of Jacksonville, Florida. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

479.     Plaintiff Al J. Williams was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

480.     Plaintiff April Williams is a resident and citizen of Kingsport, Tennessee. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

481.     Plaintiff April Williams was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

482.     Plaintiff Curtis Williams is a resident and citizen of North Las Vegas, Nevada. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

483.     Plaintiff Curtis Williams was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

484.     Plaintiff Scott K. Williams is a resident and citizen of Sagamore Hills, Ohio. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

485.     Plaintiff Scott K. Williams was diagnosed with thyroid cancer as a result of exposure to Defendants' AFFF or TOG products.

486.     Plaintiff John Williamson is a resident and citizen of Kenova, West Virginia. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

487.     Plaintiff John Williamson was diagnosed with ulcerative colitis as a result of exposure to Defendants' AFFF or TOG products.

59

488.    Plaintiff Anna Wilson is a resident and citizen of Augusta, Kansas. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

489.    Plaintiff Anna Wilson was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

490.    Plaintiff Anthony Wilson is a resident and citizen of Jacksonville, Arkansas. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

491.    Plaintiff Anthony Wilson was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

492.    Plaintiff Donald Withrow is a resident and citizen of Round Rock, Texas. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

493.    Plaintiff Donald Withrow was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

494.    Plaintiff Frank Wleklinski is a resident and citizen of Tampa, Florida. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

495.    Plaintiff Frank Wleklinski was diagnosed with ulcerative colitis as a result of exposure to Defendants' AFFF or TOG products.

496.    Plaintiff Ronald Woodall is a resident and citizen of Cudjoe Key, Florida. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian

firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

497.    Plaintiff Ronald Woodall was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

498.    Plaintiff James Woodard is a resident and citizen of Waycross, Georgia. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

499.    Plaintiff James Woodard was diagnosed with ulcerative colitis as a result of exposure to Defendants' AFFF or TOG products.

500.    Plaintiff Mark Woods is a resident and citizen of yacolt, Washington. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

501.    Plaintiff Mark Woods was diagnosed with kidney cancer as a result of exposure to Defendants' AFFF or TOG products.

502.    Plaintiff Dennis Wright is a resident and citizen of Fayetteville, North Carolina. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

503.    Plaintiff Dennis Wright was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

504.    Plaintiff James Wyckoff is a resident and citizen of Sneads, Florida. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter.

Plaintiff was also exposed to PFAS through ingestion of drinking water.

505. Plaintiff James Wyckoff was diagnosed with kidney cancer as a result of exposure to Defendants' AFFF or TOG products.

506. Plaintiff Ronald Young is a resident and citizen of Excelsior Springs, Missouri. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

507. Plaintiff Ronald Young was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

508. Plaintiff Scott Young is a resident and citizen of Frenchburg, Kentucky. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

509. Plaintiff Scott Young was diagnosed with ulcerative colitis as a result of exposure to Defendants' AFFF or TOG products.

510. Plaintiff Shawn Young is a resident and citizen of Angola, New York. Plaintiff was exposed to PFAS through ingestion of drinking water while living and/ or working at military installations.

511. Plaintiff Shawn Young was diagnosed with thyroid disease as a result of exposure to Defendants' AFFF or TOG products.

512. Plaintiff Christopher Youngblood is a resident and citizen of Winston-Salem, North Carolina. Plaintiff regularly used, and was thereby exposed to, AFFF containing PFAS and TOG containing PFAS in training and to extinguish fires during his career as a member of the military and/or as a civilian firefighter. Plaintiff was also exposed to PFAS through ingestion of drinking water.

513. Plaintiff Christopher Youngblood was diagnosed with ulcerative colitis as a result of exposure to Defendants' AFFF or TOG products.

514. Defendants are designers, marketers, developers, manufacturers, distributors, releasers, instructors, promotors and sellers of PFAS-containing AFFF products or underlying PFAS containing chemicals used in AFFF production, or PFAS containing turnout gear or underlying PFAS containing chemicals used in turnout gear production. The following Defendants, at all times relevant to this lawsuit, manufactured, designed, marketed, distributed, released, instructed, promoted and/or otherwise sold (directly or indirectly) PFAS-containing AFFF or TOG products to various locations for use in fighting Class B fires such that each Defendant knew or should have known said products would be delivered to areas for active use by Plaintiffs during the course of training and firefighting activities.

515. Defendant, 3M Company, f/k/a Minnesota Mining and Manufacturing Company, ("3M"), is a Delaware corporation and does business throughout the United States. 3M has its principal place of business at 3M Center, St. Paul, Minnesota 55133.

516. 3M designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

517. Defendant AGC Chemicals Americas, Inc. ("AGC") is a Delaware corporation and does business throughout the United States. AGC has its principal place of business at 55 E. Uwchlan Ave., Suite 201, Exton, Pennsylvania 19341.

63

518.    AGC designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

519.    Defendant Amerex Corporation ("Amerex") is an Alabama corporation and does business throughout the United States. Amerex has its principal place of business at 7595 Gadsden Highway, Trussville, Alabama 35173.

520.    Amerex designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

521.    Defendant Archroma U.S. Inc. ("Archroma") is a North Carolina company and does business throughout the United States. Archroma has its principal place of business at 5435 77 Center Drive, #10 Charlotte, North Carolina 28217. Upon information and belief, Archroma was formed in 2013 as part of the acquisition of Clariant Corporation's Textile Chemicals, Paper Specialties and Emulsions business by SK Capital Partners.

522.    Archroma designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used

AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

523.    Defendant Arkema, Inc. ("Arkema") is a Pennsylvania corporation and does business throughout the United States. Arkema has its principal place of business at 900 1st Avenue, King of Prussia, Pennsylvania 19406. Upon information and belief, assets of Arkema's fluorochemical business were purchased by Defendant Dupont in 2002.

524.    Arkema designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

525.    Defendant BASF Corporation ("BASF"), is a Delaware corporation doing business throughout the United States. BASF Corporation has its principal place of business at 100 Park Ave., Florham Park, New Jersey 07932.

526.    BASF is successor-in-interest to Ciba-Geigy Corp. and Ciba Inc., which manufactured fluorosurfactants for AFFF manufacturers who designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Complaint. Further, defendant designed, marketed, developed,

65

manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

527.    Defendant Buckeye Fire Equipment Company ("Buckeye") is an Ohio corporation and does business throughout the United States. Buckeye has its principal place of business at 110 Kings Road, Mountain, North Carolina 28086.

528.    Buckeye designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

529.    Defendant Carrier Global Corporation ("Carrier") is a Delaware corporation and does business throughout the United States. Carrier has its principal place of business at 13995 Pasteur Boulevard, Palm Beach Gardens, Florida 33418. Upon information and belief, Carrier was formed in 2020 and is the parent company of Kidde-Fenwal, Inc., a manufacturer of AFFF.

530.    Carrier designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

531.    Defendant ChemDesign Products, Inc. ("ChemDesign") is a Texas corporation and does business throughout the United States. ChemDesign has its principal place of business at 2 Stanton Street, Marinette, Wisconsin 54143.

532.    ChemDesign designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

533.    Defendant Chemguard, Inc. ("Chemguard") is a Wisconsin corporation and does business throughout the United States. Chemguard has its principal place of business at One Stanton Street, Marinette, Wisconsin 54143.

534.    Chemguard designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

535.    Defendant Chemicals, Inc. ("Chemicals") is a Texas corporation and does business throughout the United States. Chemicals has its principal place of business at 12321 Hatcherville Road, Baytown, Texas 77521.

536.    Chemicals designed, marketed, developed, manufactured, distributed, released, trained

users, produced instructional materials, promoted, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

537. Defendant The Chemours Company ("Chemours"), is a Delaware corporation and does business throughout the United States. Chemours has its principal place of business 1007 Market Street, Wilmington, Delaware 19898. Upon information and belief, Chemours was spun off from DuPont in 2015 to assume PFAS related liabilities.

538. Chemours designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold, and/or otherwise handled and/or used AFFF containing PFAS that are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

539. Defendant Chemours Company FC, LLC ("Chemours FC"), is a Delaware corporation and does business throughout the United States. Chemours has its principal place of business at 1007 Market Street, Wilmington, Delaware 19899. Chemours FC is a subsidiary of The Chemours Company.

540. Chemours FC designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold, and/or otherwise handled and/or used AFFF containing PFAS that are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials,

68

promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

541.    Defendant Chubb Fire, Ltd. ("Chubb") is a foreign private limited company, with offices at Littleton Road, Ashford, Middlesex, United Kingdom TW15 1TZ. Upon information and belief, Chubb is registered in the United Kingdom with a registered number of 134210. Upon information and belief, Chubb is or has been composed of different subsidiaries and/or divisions, including but not limited to, Chubb Fire & Security Ltd., Chubb Security, PLC, Red Hawk Fire & Security, LLC, and/or Chubb National Foam, Inc.

542.    Chubb designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold, and/or otherwise handled and/or used AFFF containing PFAS that are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

543.    Defendant Clariant Corporation ("Clariant") is a New York corporation and does business throughout the United States. Clariant has its principal place of business at 4000 Monroe Road, Charlotte, North Carolina 28205.

544.    Clariant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

69

545.     Defendant Corteva, Inc. ("Corteva") is a Delaware Corporation that conducts business throughout the United States. Its principal place of business is Chestnut Run Plaza 735, Wilmington, Delaware 19805. Corteva is the successor-in-interest to Dupont Chemical Solutions Enterprise.

546.     Corteva designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold, and/or otherwise handled and/or used AFFF containing PFAS that are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

547.     Defendant Deepwater Chemicals, Inc. ("Deepwater") is a Delaware corporation and does business throughout the United States. Deepwater's principal place of business is at 196122 E County Road 735, Woodward, Oklahoma 73801.

548.     Deepwater designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

549.     Defendant Du Pont de Nemours Inc. (f/k/a DowDuPont, Inc.) ("DowDuPont"), is a Delaware corporation and does business throughout the United States. DowDuPont, has its principal place of business at 1007 Market Street, Wilmington, Delaware 19899 and 2211 H.H. Dow Way, Midland, Michigan 48674. DowDupont was created in 2015 to transfer Chemours and

DuPont liabilities for manufacturing and distributing flurosurfactants to AFFF manufacturers.

550. DowDuPont designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold, and/or otherwise handled and/or used AFFF containing PFAS that are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

551. Defendant Dynax Corporation ("Dynax") is a New York corporation that conducts business throughout the United States. Its principal place of business is 103 Fairview Park Drive, Elmsford, New York, 10523-1544.

552. Dynax designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold, and/or otherwise handled and/or used AFFF containing PFAS that are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

553. Defendant E. I. du Pont de Nemours and Company ("DuPont"), is a Delaware corporation and does business throughout the United States. DuPont has its principal place of business at 1007 Market Street, Wilmington, Delaware 19898.

554. DuPont designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold, and/or otherwise handled and/or used AFFF containing PFAS that are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which

contained PFAS for use in firefighting.

555.  Defendant Kidde P.L.C., Inc. ("Kidde P.L.C.") is a foreign corporation organized and existing under the laws of the State of Delaware and does business throughout the United States. Kidde P.L.C. has its principal place of business at One Carrier Place, Farmington, Connecticut 06034. Upon information and belief, Kidde PLC was formerly known as Williams Holdings, Inc. and/or Williams US, Inc.

556.  Kidde P.L.C. designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold, and/or otherwise handled and/or used AFFF containing PFAS that are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

557.  Defendant Nation Ford Chemical Company ("Nation Ford") is a South Carolina company and does business throughout the United States. Nation Ford has its principal place of business at 2300 Banks Street, Fort Mill, South Carolina 29715.

558.  Nation Ford designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold, and/or otherwise handled and/or used AFFF containing PFAS that are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

559.  Defendant National Foam, Inc. ("National Foam") is a Delaware corporation and does business throughout the United States. National Foam has its principal place of business at 141 Junny Road, Angier, North Carolina, 27501.

560.    National Foam designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

561.    Defendant Tyco Fire Products, LP, as successor-in-interest to The Ansul Company ("Tyco"), is a Delaware limited partnership and does business throughout the United States. Tyco has its principal place of business at 1400 Pennbrook Parkway, Lansdale, Pennsylvania 19466. Tyco manufactured and currently manufactures the Ansul brand of products, including Ansul brand AFFF containing PFAS.

562.    Tyco is the successor in interest to the corporation formerly known as The Ansul Company ("Ansul"). At all times relevant, Tyco/Ansul designed, marketed, developed, manufactured, distributed released, trained users, produced instructional materials, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

563.    Defendant United Technologies Corporation ("United Technologies") is a foreign corporation organized and existing under the laws of the State of Delaware and does business throughout the United States. United Technologies has its principal place of business at 8 Farm Springs Road, Farmington, Connecticut 06032.

73

564.    United Technologies designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold, and/or otherwise handled and/or used AFFF containing PFAS that are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

565.    Defendant UTC Fire & Security Americas Corporation, Inc. (f/k/a GE Interlogix, Inc.) ("UTC") is a North Carolina corporation and does business throughout the United States. UTC has principal place of business at 3211 Progress Drive, Lincolnton, North Carolina 28092. Upon information and belief, Kidde-Fenwal, Inc. is part of the UTC Climate Control & Security unit of United Technologies Corporation.

566.    UTC designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold, and/or otherwise handled and/or used AFFF containing PFAS that are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

567.    Defendant Allstar Fire Equipment is a California corporation ("Allstar") and does business throughout the United States. Allstar has its principal place of business at 12328 Lower Azusa Road, Arcadia, California 91006.

568.    Allstar developed, manufactured, marketed, distributed, released, sold, and/or used PFAS, PFAS materials, and products containing PFAS in turnout gear for use in firefighting.

569.    Defendant Fire-Dex, LLC ("Fire-Dex") is a Delaware corporation and does business throughout the United States. Fire-Dex has its principal place of business at 780 South Progress

74

Drive, Medina, Ohio 44256.

570.    Fire-Dex developed, manufactured, marketed, distributed, released, sold, and/or used PFAS, PFAS materials, and products containing PFAS in turnout gear for use in firefighting.

571.    Defendant Globe Manufacturing Company LLC ("Globe") is a New Hampshire corporation and does business throughout the United States. Globe has its principal place of business at 37 Loudon Road, Pittsfield, New Hampshire 03263.

572.    Globe developed, manufactured, marketed, distributed, released, sold, and/or used PFAS, PFAS materials, and products containing PFAS in turnout gear for use in firefighting.

573.    Defendant Honeywell Safety Products USA, Inc. ("Honeywell") is a Delaware corporation and does business throughout the United States. Honeywell has its principal place of business at 300 South Tryon Street Suite 500, Charlotte, North Carolina 28202.

574.    Honeywell developed, manufactured, marketed, distributed, released, sold, and/or used PFAS, PFAS materials, and products containing PFAS in turnout gear for use in firefighting.

575.    Defendant Lion Group, Inc. ("Lion") is an Ohio corporation and does business throughout the United States. Lion has its principal place of business at 7200 Poe Avenue, Suite 400 Dayton, Ohio, 45414.

576.    Lion developed, manufactured, marketed, distributed, released, sold, and/or used PFAS, PFAS materials, and products containing PFAS in turnout gear for use in firefighting.

577.    Defendant Mallory Safety and Supply LLC. ("Mallory") is a Washington corporation and does business throughout the United States. Mallory has its principal place of business at 1040 Industrial Way, Longview, Washington, 98632.

578.    Mallory developed, manufactured, marketed, distributed, released, sold, and/or used PFAS, PFAS materials, and products containing PFAS in turnout gear for use in firefighting.

579.    Defendant Mine Safety Appliances Co., Inc. ("MSA") is a Pennsylvania corporation and

does business throughout the United States. MSA has its principal place of business at 1000 Cranberry Woods Drive, Cranberry Township, Pennsylvania, 16066.

580.    MSA developed, manufactured, marketed, distributed, released, sold, and/or used PFAS, PFAS materials, and products containing PFAS in turnout gear for use in firefighting.

581.    Defendant Municipal Emergency Services, Inc. ("MES") is a Nevada corporation and does business throughout the United States. MES has its principal place of business at 12 Turnberry Lane, Sandy Hook, Connecticut 06482.

582.    MES developed, manufactured, marketed, distributed, released, sold, and/or used PFAS, PFAS materials, and products containing PFAS in turnout gear for use in firefighting.

583.    Defendant PBI Performance Products, Inc. ("PBI") is a Delaware corporation and does business throughout the United States. PBI has its principal place of business at 9800-D Southern Pine Boulevard, Charlotte, North Carolina 28273.

584.    PBI developed, manufactured, marketed, distributed, released, sold, and/or used PFAS, PFAS materials, and products containing PFAS in turnout gear for use in firefighting.

585.    Defendant Southern Mills, Inc. ("Southern Mills") is a Georgia corporation and does business throughout the United States. Southern Mills has its principal place of business at 6501 Mall Boulevard, Union City, Georgia 30291.

586.    Southern Mills developed, manufactured, marketed, distributed, released, sold, and/or used PFAS, PFAS materials, and products containing PFAS in turnout gear for use in firefighting.

587.    Defendant Stedfast USA, Inc. ("Stedfast") is a Delaware corporation and does business throughout the United States. Stedfast has its principal place of business at 800 Mountain View Drive, Piney Flats, Tennessee 37686.

588.    Stedfast developed, manufactured, marketed, distributed, released, sold, and/or used PFAS, PFAS materials, and products containing PFAS in turnout gear for use in firefighting.

589. Defendant W.L. Gore & Associates Inc. ("Gore") is a Delaware corporation and does business throughout the United States. Gore has its principal place of business at 1901 Barksdale Road, Newark, Delaware 19711.

590. Gore developed, manufactured, marketed, distributed, released, sold, and/or used PFAS, PFAS materials, and products containing PFAS in turnout gear for use in firefighting.

591. When reference is made in this Complaint to any act or omission of any of Defendants, it shall be deemed that the officers, directors, agents, employees, or representatives of Defendants committed or authorized such act or omission, or failed to adequately supervise or properly control or direct their employees while engaged in the management, direction, operation, or control of the affairs of Defendants, and did so while acting within the scope of their duties, employment or agency.

592. The term "AFFF Defendant" or "AFFF Defendants" refers to all Defendants named herein who designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Complaint. jointly and severally, unless otherwise stated.

593. The term "TOG Defendant" or "TOG Defendants" refers to all Defendants names herein who developed, manufactured, marketed, distributed, released, sold, and/or used PFAS, PFAS materials, and products containing PFAS in turnout gear for use in firefighting.

## FACTUAL ALLEGATIONS

594. Aqueous Film-Forming Foam ("AFFF") is a combination of chemicals used to extinguish hydrocarbon fuel-based fires.

595. AFFF-containing fluorinated surfactants have better firefighting capabilities than water due to their surfactant-tension lowering properties which allow the compound(s) to extinguish fire

77

by smothering, ultimately starving it of oxygen.

596.   AFFF is a Class-B firefighting foam. It is mixed with water and used to extinguish fires that are difficult to fight, particularly those that involve petroleum or other flammable liquids.

597.   AFFF Defendants designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold, and/or otherwise handled AFFF containing toxic PFAS or underlying PFAS containing chemicals used in AFFF production that were used by entities around the country, including military, county, and municipal firefighting departments.

598.   AFFF Defendants have each designed, marketed, developed, manufactured, distributed, released, trained users on, produced instructional materials for, sold, and/or otherwise handled and/or used AFFF containing PFAS, in such a way as to cause the contamination of Plaintiffs' blood and/or body with PFAS, and the resultant biopersistence and bioaccumulation of such PFAS in the blood and/or body of Plaintiffs.

599.   AFFF was introduced commercially in the mid-1960s and rapidly became the primary firefighting foam in the United States and in other parts of the world. It contains PFAS, which are highly fluorinated synthetic chemical compounds whose family include PFOS and PFOA.

600.   PFAS are a family of chemical compounds containing fluorine and carbon atoms.

601.   PFAS have been used for decades in the manufacture of AFFF. The PFAS family of chemicals are entirely human-made and do not naturally occur or otherwise exist.

602.   Prior to commercial development and large-scale manufacture and use of AFFF containing PFAS, no such PFAS had been found or detected in human blood.

### A.   AFFF / PFAS Hazardous Effects on Humans

603.   AFFF and its components are associated with a wide variety of adverse health effects in humans.

78

604.    Exposure to AFFF Defendants' products has been linked to serious medical conditions including, but not limited to, kidney cancer, testicular cancer, liver cancer, testicular tumors, pancreatic cancer, prostate cancer, leukemia, lymphoma, bladder cancer, thyroid disease and infertility.

605.    By at least the end of the 1960s, animal toxicity testing performed by some Defendants manufacturing and/or using PFAS indicated that exposure to such materials, including at least PFOA, resulted in various adverse health effects among multiple species of laboratory animals, including toxic effects to the liver, testes, adrenals, and other organs and bodily systems.

606.    By at least the end of the 1960s, additional research and testing performed by some Defendants manufacturing and/or using PFAS indicated that such materials, including at least PFOA, because of their unique chemical structure, were resistant to environmental degradation and would persist in the environment essentially unaltered if allowed to enter the environment.

607.    By at least the end of the 1970s, additional research and testing performed by some Defendants manufacturing and/or using PFAS indicated that one or more such materials, including at least PFOA and PFOS, because of their unique chemical structure, would bind to proteins in the blood of animals and humans exposed to such materials where such materials would remain and persist over long periods of time and would accumulate in the blood/body of the exposed individuals with each additional exposure.

608.    By at least the end of the 1980s, additional research and testing performed by some Defendants manufacturing and/or using PFAS indicated that at least one such PFAS, PFOA, had caused Leydig cell (testicular) tumors in a chronic cancer study in rats, resulting in at least one such Defendant, DuPont, classifying such PFAS internally as a confirmed animal carcinogen and possible human carcinogen.

609.    It was understood by AFFF Defendants by at least the end of the 1980s that a chemical that

79

caused cancer in animal studies must be presumed to present a cancer risk to humans, unless the precise mechanism of action by which the tumors were caused was known and would not occur in humans.

610. By at least the end of the 1980s, scientists had not determined the precise mechanism of action by which any PFAS caused tumors. Therefore, scientific principles of carcinogenesis classification mandated AFFF Defendants presume any such PFAS material that caused tumors in animal studies could present a potential cancer risk to exposed humans.

611. By at least the end of the 1980s, additional research and testing performed by some Defendants manufacturing and/or using PFAS, including at least DuPont, indicated that elevated incidence of certain cancers and other adverse health effects, including elevated liver enzymes and birth defects, had been observed among workers exposed to such materials, including at least PFOA, but such data was not published, provided to governmental entities as required by law, or otherwise publicly disclosed at the time.

612. By at least the end of the 1980s, some Defendants, including at least 3M and DuPont, understood that, not only did PFAS, including at least PFOA and PFOS, get into and persist and accumulate in the human blood and in the human body, but that once in the human body and blood, particularly the longer-chain PFAS, such as PFOS and PFOA, had a long half-life. Meaning that it would take a very long time before even half of the material would start to be eliminated, which allowed increasing levels of the chemicals to build up and accumulate in the blood and/or body of exposed individuals over time, particularly if any level of exposure continued.

613. By at least the end of the 1990s, additional research and testing performed by some Defendants manufacturing and/or using PFAS, including at least 3M and DuPont, indicated that at least one such PFAS, PFOA, had caused a triad of tumors (Leydig cell (testicular), liver, and pancreatic) in a second chronic cancer study in rats.

614.    By at least the end of the 1990s, the precise mechanism(s) of action by which any PFAS caused each of the tumors found in animal studies had still not been identified, mandating that AFFF Defendants continue to presume that any such PFAS that caused such tumors in animal studies could present a potential cancer risk to exposed humans.

615.    By at least 2010, additional research and testing performed by some Defendants manufacturing and/or using PFAS, including at least 3M and DuPont, revealed multiple potential adverse health impacts among workers exposed to such PFAS, including at least PFOA, such as increased cancer incidence, hormone changes, lipid changes, and thyroid and liver impacts.

616.    When the United States Environmental Protection Agency ("USEPA") and other state and local public health agencies and officials first began learning of PFAS exposure in the United States and potential associated adverse health effects, AFFF Defendants repeatedly assured and represented to such entities and the public that such exposure presented no risk of harm and were of no significance.

617.    After the USEPA and other entities began asking Defendants to stop manufacturing and/or using certain PFAS, AFFF Defendants began manufacturing and/or using and/or began making and/or using more of certain other and/or "new" PFAS, including PFAS materials with six or fewer carbons, such as GenX (collectively "Short-Chain PFAS").

618.    AFFF Defendants manufacturing and/or using Short-Chain PFAS, including at least DuPont and 3M, are aware that one or more such Short-Chain PFAS materials also have been found in human blood.

619.    By at least the mid-2010s, AFFF Defendants, including at least DuPont and Chemours, were aware that at least one Short-Chain PFAS had been found to cause the same triad of tumors (Leydig (testicular), liver, and pancreatic) in a chronic rat cancer study as had been found in a chronic rat cancer study with a non-Short-Chain PFAS.

81

620.  Research and testing performed by and/or on behalf of AFFF Defendants making and/or using Short-Chain PFAS indicates that such Short-Chain PFAS materials present the same, similar, and/or additional risks to human health as had been found in research on other PFAS materials, including cancer risk.

621.  Nevertheless, AFFF Defendants repeatedly assured and represented to governmental entities and the public (and continue to do so) that the presence of PFAS, including Short-Chain PFAS, in human blood at the levels found within the United States present no risk of harm and is of no legal, toxicological, or medical significance of any kind.

622.  At all relevant times, AFFF Defendants, individually and/or collectively, possessed the resources and ability but have intentionally, purposefully, recklessly, and/or negligently chosen not to fund or sponsor any study, investigation, testing, and/or other research of any kind of the nature that AFFF Defendants claim is necessary to confirm and/or prove that the presence of any one and/or combination of PFAS in human blood causes any disease and/or adverse health impact of any kind in humans, presents any risk of harm to humans, and/or is of any legal, toxicological, or medical significance to humans, according to standards AFFF Defendants deem acceptable.

623.  Even after an independent science panel, known as the "C8 Science Panel," publicly announced in the 2010s that human exposure to 0.05 parts per billion or more of one PFAS, PFOA, had "probable links" with certain human diseases, including kidney cancer, testicular cancer, ulcerative colitis, thyroid disease, preeclampsia, and medically-diagnosed high cholesterol, AFFF Defendants repeatedly assured and represented to governmental entities, their customers, and the public (and continue to do so) that the presence of PFAS in human blood at the levels found within the United States presents no risk of harm and is of no legal, toxicological, or medical significance of any kind, and have represented to and assured such governmental entities, their customers, and the public (and continue to do so) that the work of the independent C8 Science Panel was

82

inadequate.

624.     At all relevant times, AFFF Defendants shared and/or should have shared among themselves all relevant information relating to the presence, biopersistence, and bioaccumulation of PFAS in human blood and associated toxicological, epidemiological, and/or other adverse effects and/or risks.

625.     As of the present date, blood serum testing and analysis by AFFF Defendants, independent scientific researchers, and/or government entities has confirmed that PFAS materials are clinically demonstrably present in approximately 99% of the current population of the United States.

626.     There is no naturally-occurring "background," normal, and/or acceptable level or rate of any PFAS in human blood, as all PFAS detected and/or present in human blood is present and/or detectable in such blood as a direct and proximate result of the acts and/or omissions of Defendants.

627.     At all relevant times, Defendants, through their acts and/or omissions, controlled, minimized, trivialized, manipulated, and/or otherwise influenced the information that was published in peer-review journals, released by any governmental entity, and/or otherwise made available to the public relating to PFAS in human blood and any alleged adverse impacts and/or risks associated therewith, effectively preventing Plaintiffs from discovering the existence and extent of any injuries/harm as alleged herein.

628.     At all relevant times, Defendants, through their acts and/or omissions, took steps to attack, challenge, discredit, and/or otherwise undermine any scientific studies, findings, statements, and/or other information that proposed, alleged, suggested, or even implied any potential adverse health effects or risks and/or any other fact of any legal, toxicological, or medical significance associated with the presence of PFAS in human blood.

629.     At all relevant times, Defendants, through their acts and/or omissions, concealed and/or withheld information from their customers, governmental entities, and the public that would have

properly and fully alerted Plaintiffs to the legal, toxicological, medical, or other significance and/or risk from having any PFAS material in Plaintiffs' blood.

630.    At all relevant times, Defendants encouraged the continued and even further increased use of PFAS by their customers and others, including but not limited to the manufacture, use, and release, of AFFF containing PFAS and/or emergency responder protection gear or equipment coated with materials made with or containing PFAS, and tried to encourage and foster the increased and further use of PFAS in connection with as many products/uses/and applications as possible, despite knowledge of the toxicity, persistence, and bioaccumulation concerns associated with such activities.

631.    To this day, Defendants deny that the presence of any PFAS in human blood, at any level, is an injury or presents any harm or risk of harm of any kind, or is otherwise of any legal, toxicological, or medical significance.

632.    To this day, Defendants deny that any scientific study, research, testing, or other work of any kind has been performed that is sufficient to suggest to the public that the presence of any PFAS material in human blood, at any level, is of any legal, toxicological, medical, or other significance.

633.    Defendants, to this day, affirmatively assert and represent to governmental entities, their customers, and the public that there is no evidence that any of the PFAS found in human blood across the United States causes any health impacts or is sufficient to generate an increased risk of future disease sufficient to warrant diagnostic medical testing, often referring to existing studies or data as including too few participants or too few cases or incidents of disease to draw any scientifically credible or statistically significant conclusions.

634.    Defendants were and/or should have been aware, knew and/or should have known, and/or foresaw or should have foreseen that their design, marketing, development, manufacture,

distribution, release, training and response of users, production of instructional materials, sale and/or other handling and/or use of AFFF containing PFAS would result in the contamination of the blood and/or body of Plaintiffs with PFAS, and the biopersistence and bioaccumulation of such PFAS in their blood and/or body.

635.    Defendants were and /or should have been aware, or knew and/or should have known, and/or foresaw or should have foreseen that allowing PFAS to contaminate the blood and/or body of Plaintiffs would cause injury, irreparable harm, and/or unacceptable risk of such injury and/or irreparable harm to Plaintiffs.

636.    Defendants did not seek or obtain permission or consent from Plaintiffs before engaging in such acts and/or omissions that caused, allowed, and/or otherwise resulted in Plaintiffs' exposure to AFFF and the contamination of Plaintiffs' blood and/or body with PFAS materials, and resulting biopersistence and bioaccumulation of such PFAS in their blood and/or body.

**B.    Defendants' History of Manufacturing and Selling AFFF**

637.    3M began producing PFOS and PFOA by electrochemical fluorination in the 1940s. In the 1960s, 3M used its fluorination process to develop AFFF.

638.    3M manufactured, marketed, and sold AFFF from the 1960s to the early 2000s.

639.    National Foam and Tyco/Ansul began to manufacture, market, and sell AFFF in the 1970s.

640.    Buckeye began to manufacture, market, and sell AFFF in the 2000s.

641.    In 2000, 3M announced it was phasing out its manufacture of PFOS, PFOA, and related products, including AFFF. 3M, in its press release announcing the phase out, stated "our products are safe," and that 3M's decision was "based on [its] principles of responsible environment management." 3M further stated that "the presence of these materials at [] very low levels does not pose a human health or environmental risk." In communications with the EPA at that time, 3M also stated that it had "concluded that…other business opportunities were more deserving of the

85

company's energies and attention..."

642.     Following 3M's exit from the AFFF market, the remaining AFFF Defendants continued to manufacture and sell AFFF that contained PFAS and/or its precursors.

643.     AFFF Defendants knew their customers warehoused large stockpiles of AFFF. In fact, AFFF Defendants marketed their AFFF products by touting its shelf-life. Even after AFFF Defendants fully understood the toxicity of PFAS, and their impacts to the health of humans following exposure, AFFF Defendants concealed the true nature of PFAS. While AFFF Defendants phased out production or transitioned to other formulas, they did not instruct their customers that they should not use AFFF that contained PFAS and/or their precursors. AFFF Defendants further did not act to get their harmful products off the market.

644.     AFFF Defendants did not warn public entities, firefighter trainees who they knew would foreseeably come into contact with their AFFF products, or firefighters employed by either civilian and/or military employers that use of and/or exposure to AFFF Defendants' products containing PFAS and/or its precursors would pose a danger to human health

645.     Plaintiffs directly used, were exposed, and/or were given AFFF to help fight fires on a regular basis. Plaintiffs used and ingested water contaminated with AFFF.

646.     Plaintiffs were never informed that this product was inherently dangerous. Nor were Plaintiffs warned about the known health risks associated with this product.

647.     Plaintiffs never received or were told to use any protective gear to guard against the known dangerous propensities of this product.

648.     AFFF Defendants have known of the health hazards associated with AFFF and/or its compounds for decades and that in their intended and/or common use would harm human health.

649.     Information regarding AFFF and its compounds were readily accessible to each of the above-referenced AFFF Defendants for decades because each is an expert in the field of AFFF

manufacturing and/or the materials needed to manufacture AFFF, and each has detailed information and understanding about the chemical compounds that form AFFF products.

650.    AFFF Defendants' manufacture, distribution and/or sale of AFFF resulted in Plaintiffs and other individuals who came in contact with the chemical to develop cancer.

651.    AFFF Defendants through their manufacturing, distribution and/or sale of AFFF, and through their involvement and/or participation in the creation of training and instructional materials and activities, knew, foresaw, and/or should have known and/or foreseen that Plaintiffs and those similarly situated would be harmed.

652.    AFFF Defendants' products were unreasonably dangerous and Defendants failed to warn of this danger.

### C.    PFAS-Containing Turnout Gear

653.    During firefighting training and when responding to fires and performing fire extinguishment, firefighters wear turnouts that are intended to provide a degree of thermal, chemical, and biological protection for a firefighter. Turnout gear components include individual components such as a helmet, hood, jacket, pants and suspenders, boots, and gloves. Each component of the jacket and pants are made of an outer layer, as well as several inner layers that include a moisture barrier and thermal liner which are meant to protect the firefighter from ambient heat.

654.    PFAS chemicals are used in turnout gear to impart heat, water, and stain resistance to the outer shell and moisture barrier of turnout gear.

655.    A June 2020 study of turnout gear by researchers at the University of Notre Dame analyzed 30 new and used turnout jackets and pants originally marketed, distributed and sold in 2008, 2014, and 2017, by six turnout gear makers, including Defendants MSA, Globe, Lion and Honeywell and found high levels of PFAS in turnout gear worn, used, or handled by firefighters, including the Firefighter Plaintiffs.

656.    When exposed to heat, PFAS chemicals in the turnouts off-gas, break down, and degrade

into highly mobile and toxic particles and dust, exposing firefighters to PFAS chemicals, particles and dust, including through skin contact/absorption, ingestion (e.g., hand-to-mouth contact) and/or inhalation. Further firefighter exposure to these highly mobile and toxic materials occurs through normal workplace activities, because particles or dust from their turnouts spread to fire vehicles and fire stations, as well as firefighters' personal vehicles and homes.

657.    Such workplace exposure to PFAS or PFAS-containing materials has been found to be toxic to humans. As far back as a July 31, 1980 internal memo, DuPont officials described measures that were needed to prevent workplace exposure to PFOA, which they knew could permeate all protective materials, and noted that PFOA's toxicity varied depending on the exposure pathway, acknowledging that ingestion was "slightly toxic," dermal contact was "slightly to moderately toxic" and inhalation was "highly toxic." The memo concluded "continued exposure is not tolerable."

658.    As alleged herein, the Firefighter Plaintiffs wear and/or wore turnouts in the ordinary course of performing their duties, as the turnouts were intended to be used and in a foreseeable manner, which exposed them to significant levels of PFAS.

659.    The Firefighter Plaintiffs did not know, and in the exercise of reasonable diligence could not have known, that the turnouts they wore or used in the course of performing their duties contained PFAS or PFAS-containing materials, and similarly did not know and could not have known that they routinely suffered exposure to PFAS or PFAS-containing materials in the turnouts they wore or used in performing their duties.  The turnout gear worn or used by the Firefighter Plaintiffs did not and does not contain labeling information saying that the gear contains PFAS, and similarly did not and does not warn the Firefighter Plaintiffs of the health risks associated with exposure to PFAS.

660.    Like fire departments across the country, many Plaintiffs only had one set of turnouts for years, and would wash their turnouts at home and/or in station machines along with their daily station wear uniforms.

## CAUSES OF ACTION

88

## COUNT I
## NEGLIGENCE

661.     Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as if restated in full herein.

662.     Defendants had a duty to individuals, including Plaintiffs, to exercise reasonable ordinary, and appropriate care in the manufacturing, design, labeling, packaging, testing, instruction, warning, selling, marketing, distribution, and training related to the AFFF or TOG product.

663.     Defendants breached their duty of care and were negligent, grossly negligent, reckless and willful as described herein in the design, manufacture, labeling, warning, instruction, training, selling, marketing, and distribution of the AFFF or TOG products or underlying PFAS containing chemicals used in AFFF or TOG production in one or more of the following respects:

     a.  Failing to design the products so as to avoid an unreasonable risk of harm to individuals, including Plaintiffs;

     b.  Failing to use reasonable care in the testing of the products so as to avoid an unreasonable risk of harm to individuals, including Plaintiffs;

     c.  Failing to use appropriate care in inspecting the products so as to avoid an unreasonable risk of harm to individuals, including Plaintiffs;

     d.  Failing to use appropriate care in instructing and/or warning the public as set forth herein of risks associated with the products, so as to avoid unreasonable risk of harm to individuals, including Plaintiffs;

     e.  Failing to use reasonable care in marketing, promoting, and advertising the products so as to avoid unreasonable risk of harm to individuals, including Plaintiffs;

     f.  Otherwise negligently or carelessly designing, manufacturing, marketing, distributing, warning; and

     g.  In selling and or distributing a product which was inherently dangerous to the public;

664.     As a direct and proximate result of Defendants' negligence, Plaintiffs have been injured, sustained severe and permanent pain, suffering, disability, impairment, loss of enjoyment of life,

loss of care, comfort, economic loss and damages including, but not limited to medical expenses, lost income, and/or other damages.

WHEREFORE, Plaintiffs pray judgments against Defendants for actual, compensatory, consequential, and punitive damages, together with the costs of this action, and for such other and further relief as this Court may deem fit, just, and proper.

## COUNT II
## BATTERY

665. Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as if restated in full herein.

666. At all relevant times, Defendants possessed knowledge that the AFFF or TOG containing PFAS which they designed, engineered, manufactured, fabricated, sold, handled, released, trained users on, produced instructional materials for, used, and/or distributed were bio- persistent, bio-accumulative, toxic, potentially carcinogenic, and/or otherwise harmful/injurious and that their continued manufacture, use, sale, handling, release, and distribution would result in Plaintiffs having PFAS in Plaintiffs' blood, and the biopersistence and bioaccumulation of such PFAS in Plaintiffs' blood.

667. However, despite possessing such knowledge, Defendants knowingly, purposefully, and/or intentionally continued to engage in such acts and/or omissions, including but not limited to all such acts and/or omissions described in this Complaint, that continued to result in Plaintiffs accumulating PFAS in Plaintiffs' blood and/or body, and such PFAS persisting and accumulating in Plaintiffs' blood and/or body.

668. Defendants did not seek or obtain permission or consent from Plaintiffs to put or allow PFAS materials into Plaintiffs' blood and/or body, or to persist in and/or accumulate in Plaintiffs' blood and/or body.

90

669. Entry into, persistence in, and accumulation of such PFAS in Plaintiffs' body and/or blood without permission or consent is an unlawful and harmful and/or offensive physical invasion and/or contact with Plaintiffs' person and unreasonably interferes with Plaintiffs' rightful use and possession of Plaintiffs' blood and/or body.

670. At all relevant times, the PFAS present in the blood of Plaintiffs originated from Defendants' acts and/or omissions.

671. Defendants continue to knowingly, intentionally, and/or purposefully engage in acts and/or omissions that result in the unlawful and unconsented-to physical invasion and/or contact with Plaintiffs that resulted in persisting and accumulating levels of PFAS in Plaintiffs' blood.

672. Plaintiffs, and any reasonable person, would find the contact at issue harmful and/or offensive.

673. Defendants acted intentionally with the knowledge and/or belief that the contact, presence and/or invasion of PFAS with, onto and/or into Plaintiffs' blood serum, including its persistence and accumulation in such serum, was substantially certain to result from those very acts and/or omissions.

674. Defendants' intentional acts and/or omissions resulted directly and/or indirectly in harmful contact with Plaintiffs' blood and/or body.

675. The continued presence, persistence, and accumulation of PFAS in the blood and/or body of Plaintiffs is offensive, unreasonable, and/or harmful, and thereby constitutes a battery.

676. The presence of PFAS in the blood and/or body of Plaintiffs altered the structure and/or function of such blood and/or body parts and resulted in cancer.

677. As a direct and proximate result of the foregoing acts and omissions, Plaintiffs suffered physical injury for which Defendants are therefore liable.

WHEREFORE, Plaintiffs pray judgments against Defendants for actual, compensatory,

91

consequential, and punitive damages, together with the costs of this action, and for such other and further relief as this Court may deem fit, just, and proper.

### COUNT III
### FAILURE TO WARN

678.    Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as if restated in full herein.

679.    The aforementioned products were sold, distributed, or otherwise put into the stream of commerce, designed or manufactured by defendants. Plaintiffs allege that this defendant violated the New Jersey Product Liability Act N.J.S. 2A:58C-2 et seq. in that the products were not reasonably safe products and/or were not products that were reasonably fit, suitable and safe for its intended uses because they were designed defectively, manufactured defectively, and/or there were not adequate warnings provided by the manufacturer.

680.    Defendants knew or should have known:

   a) exposure to AFFF or TOG containing PFAS was hazardous to human health;

   b) the manner in which they were designing, marketing, developing, manufacturing, distributing, releasing, training, instructing, promoting, and selling AFFF or TOG containing PFAS was hazardous to human health; and

   c) the manner in which they were designing, marketing, developing, manufacturing, marketing, distributing, releasing, training, instructing, promotion and selling AFFF or TOG containing PFAS would result in the contamination of Plaintiffs' blood and/or body as a result of exposure.

681.    Defendants had a duty to warn of the hazards associated with AFFF or TOG containing PFAS entering the blood and/or body of Plaintiffs because they knew of the dangerous, hazardous, and toxic properties of AFFF or TOG containing PFAS. Defendants failed to provide sufficient warning to purchasers that the use of their AFFF or TOG products would cause PFAS to be released and cause the exposure and bioaccumulation of these toxic chemicals in the blood and/or body of

Plaintiffs.

682.    Adequate instructions and warnings on the AFFF or TOG containing PFAS could have reduced or avoided these foreseeable risks of harm and injury to Plaintiffs. If Defendants provided adequate warnings:

a)  Plaintiffs could have and would have taken measures to avoid or lessen exposure; and

b)  end users and governments could have taken steps to reduce or prevent the release of PFASs into the blood and/or body of Plaintiffs. Defendants' failure to warn was a direct and proximate cause of Plaintiffs' injuries from PFAS that came from the use, storage, and disposal of AFFF or TOG containing PFAS. Crucially, Defendants' failure to provide adequate and sufficient warnings for the AFFF or TOG containing PFAS they designed, marketed, manufactured, distributed, released, promoted, and sold renders the AFFF or TOG a defective product.

683.    Defendants were negligent in their failure to provide Plaintiffs with adequate warnings or instruction that the use of their AFFF or TOG products would cause PFAS to be released into the blood and/or body of Plaintiffs. As a result of Defendants' conduct and the resulting contamination, Plaintiffs suffered severe personal injuries by exposure to AFFF or TOG containing PFAS.

684.    Defendants' negligent failure to warn directly and proximately caused the harm to and damages suffered by Plaintiffs.

WHEREFORE, Plaintiffs pray judgments against Defendants for actual, compensatory, consequential, and punitive damages, together with the costs of this action, and for such other and further relief as this Court may deem fit, just, and proper.

## COUNT IV
## DEFECTIVE DESIGN

685.    Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as if restated in full herein.

686.    The aforementioned products were, sold, distributed, or otherwise put into the stream of

commerce, designed or manufactured by defendants. Plaintiffs allege that this defendant violated the New Jersey Product Liability Act N.J.S. 2A:58C-2 et seq. in that the products were not reasonably safe products and/or were not products that were reasonably fit, suitable and safe for its intended uses because they were designed defectively, manufactured defectively, and/or there were not adequate warnings provided by the manufacturer.

687. Defendants knew or should have known:

    a) exposure to AFFF or TOG containing PFAS is hazardous to human health;

    b) the manner in which AFFF or TOG containing PFAS was designed, manufactured, marketed, distributed, and sold was hazardous to human health; and

    c) the manner in which AFFF or TOG containing PFAS was designed, manufactured, marketed, distributed, and could and would release PFAS into Plaintiffs and cause the exposure and bioaccumulation of these toxic and poisonous chemicals in the blood and/or body of Plaintiffs.

688. Knowing of the dangerous and hazardous properties of the AFFF or TOG containing PFAS, Defendants could have designed, manufactured, marketed, distributed, and sold alternative designs or formulations of AFFF or TOG that did not contain hazardous and toxic PFAS. These alternative designs and formulations were already available, practical, and technologically feasible. The use of these alternative designs would have reduced or prevented reasonably foreseeable harm to Plaintiff caused by Defendants' design, manufacture, marketing, distribution, and sale of AFFF or TOG containing hazardous and toxic PFAS.

689. The AFFF or TOG containing PFAS that was designed, manufactured, marketed, distributed, and sold by Defendants was so hazardous, toxic, and dangerous to human health that the act of designing, formulating, manufacturing, marketing, distributing, and selling this AFFF was unreasonably dangerous under the circumstances.

690. The AFFF or TOG designed, formulated, manufactured, marketed, distributed, and sold by Defendants was defectively designed and the foreseeable risk of harm could and would have been

94

reduced or eliminated by the adoption of a reasonable alternative design that was not unreasonably dangerous. Defendants' defective design and formulation of AFFF or TOG containing PFAS was a direct and proximate cause of the contamination of the blood and/or body of Plaintiffs and the persistence and accumulation of PFAS in Plaintiffs' blood and/or body.

691.    Defendants' defective design and formulation of AFFF or TOG containing PFAS caused the contamination described herein resulting in personal injuries to Plaintiffs. As a direct result of the harm and injury caused by Defendants' defective design and the contamination described herein, Plaintiffs have been exposed to AFFF or TOG containing PFAS and other toxic substances and has developed cancer.

692.    Defendants' negligent failure to design a reasonably safe product directly and proximately caused the harm to and damages suffered by Plaintiffs.

WHEREFORE, Plaintiffs pray judgments against Defendants for actual, compensatory, consequential, and punitive damages, together with the costs of this action, and for such other and further relief as this Court may deem fit, just, and proper.

## COUNT V
## STRICT LIABILITY (STATUTORY)

693.    Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as if restated in full herein.

694.    The aforementioned products were, sold, distributed, or otherwise put into the stream of commerce, designed or manufactured by defendants. Plaintiffs allege that this defendant violated the New Jersey Product Liability Act N.J.S. 2A:58C-2 et seq. in that the products were not reasonably safe products and/or were not products that were reasonably fit , suitable and safe for its intended uses because they were designed defectively, manufactured defectively, and/or there were not adequate warnings provided by the manufacturer.

95

695.    Plaintiffs assert any and all remedies available under statutory causes of action from Plaintiffs' states for strict liability against each Defendant.

696.    Defendants were engaged in designing, manufacturing, marketing, selling, and distribution of AFFF or TOG.

697.    The AFFF or TOG was in a defective condition and unreasonably dangerous to users and/or consumers when designed, manufactured, marketed, sold, and/or distributed to the public by Defendants.

698.    As a direct and proximate result of Defendants products' aforementioned defects, Plaintiffs have been injured, sustained severe and permanent pain, suffering, disability, impairment, loss of enjoyment of life, loss of care, comfort, economic loss and damages including, but not limited to medical expenses, lost income, and other damages.

699.    Defendants are strictly liable in tort to Plaintiffs for their wrongful conduct.

        WHEREFORE, Plaintiffs pray judgments against Defendants for actual, compensatory, consequential, and punitive damages, together with the costs of this action, and for such other and further relief as this Court may deem fit, just, and proper.

## COUNT VI
## STRICT LIABILITY (RESTATEMENT)

700.    Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as if restated in full herein.

701.    The aforementioned products were, sold, distributed, or otherwise put into the stream of commerce, designed or manufactured by defendants. Plaintiffs allege that this defendant violated the New Jersey Product Liability Act N.J.S. 2A:58C-2 et seq. in that the products were not reasonably safe products and/or were not products that were reasonably fit, suitable and safe for its intended uses because they were designed defectively, manufactured defectively, and/or there

were not adequate warnings provided by the manufacturer.

702.    Plaintiffs bring strict product liability claims under the common law, Section 402A of the Restatement of Torts (Second), and/or Restatement of Torts (Third) against Defendants.

703.    As designed, manufactured, marketed, tested, assembled, equipped, distributed and/or sold by Defendants the AFFF or TOG product was in a defective and unreasonably dangerous condition when put to reasonably anticipated use to foreseeable consumers and users, including Plaintiffs.

704.    Defendants had available reasonable alternative designs which would have made the AFFF or TOG product safer and would have most likely prevented the injuries and damages to Plaintiffs, thus violating state law and the Restatement of Torts.

705.    Defendants failed to properly and adequately warn and instruct Plaintiffs as to the proper safety and use of Defendants product.

706.    Defendants failed to properly and adequately warn and instruct Plaintiffs regarding the inadequate research and testing of the product.

707.    Defendants' products are inherently dangerous and defective, unfit and unsafe for their intended and reasonably foreseeable uses, and do not meet or perform to the expectations.

708.    As a proximate result of Defendants' design, manufacture, marketing, sale, and distribution of the products, Plaintiffs have been injured and sustained severe and permanent pain, suffering, disability, impairment, loss of enjoyment of life, loss of care, comfort, and consortium, and economic damages.

709.    By reason of the foregoing, Defendants are strictly liable for the injuries and damages suffered by Plaintiffs, caused by these defects in the AFFF or TOG product.

        WHEREFORE, Plaintiffs pray judgments against Defendants for actual, compensatory, consequential, and punitive damages, together with the costs of this action, and for such other and further relief as this Court may deem fit, just, and proper.

## COUNT VII
## FRAUDULENT CONCEALMENT

710.    Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as if restated in full herein.

711.    Throughout the relevant time period, Defendants knew that their products were defective and unreasonably unsafe for their intended purpose.

712.    Defendants fraudulently concealed from and/or failed to disclose to or warn Plaintiffs, and the public that their products were defective, unsafe, and unfit for the purposes intended, and that they were not of merchantable quality.

713.    Defendants were under a duty to Plaintiffs and the public to disclose and warn of the defective and harmful nature of the products because:

       a)    Defendants were in a superior position to know the true quality, safety and efficacy of Defendants' products;

       b)    Defendants knowingly made false claims about the safety and quality of Defendants' product in documents and marketing materials; and

       c)    Defendants fraudulently and affirmatively concealed the defective nature of Defendants' products from Plaintiffs.

714.    The facts concealed and/or not disclosed by Defendants to Plaintiffs were material facts that a reasonable person would have considered to be important in deciding whether or not to purchase and/or use Defendants' products.

715.    Defendants intentionally concealed and/or failed to disclose the true defective nature of the products so that Plaintiffs would use Defendants' products, Plaintiffs justifiably acted or relied upon, to Plaintiffs' detriment, the concealed and/or non-disclosed facts as evidenced by Plaintiffs' use of Defendants' products.

716.    Defendants, by concealment or other action, intentionally prevented Plaintiffs from acquiring material information regarding the lack of safety and effectiveness of Defendants'

products and are subject to the same liability to Plaintiffs for Plaintiffs' pecuniary losses, as though Defendants had stated the non-existence of such material information regarding Defendants' products' lack of safety and effectiveness and dangers and defects, and as though Defendants had affirmatively stated the non-existence of such matters that Plaintiffs were thus prevented from discovering the truth. Defendants therefore have liability for fraudulent concealment under all applicable laws, including, inter alia, Restatement (Second) of Torts §550 (1977).

717.    As a proximate result of Defendants' conduct, Plaintiffs have been injured, and sustained severe and permanent pain, suffering, disability, impairment, loss of enjoyment of life, loss of care, comfort, and economic damages.

WHEREFORE, Plaintiffs pray judgments against Defendants for actual, compensatory, consequential, and punitive damages, together with the costs of this action, and for such other and further relief as this Court may deem fit, just, and proper.

## COUNT VIII
## BREACH OF EXPRESS AND IMPLIED WARRANTIES

718.    Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as if restated in full herein.

719.    At all times relevant hereto, Defendants manufactured, marketed, labeled, and sold the AFFF or TOG products that has been previously alleged and described herein.

720.    At the time Defendants designed, developed, marketed, sold, labeled, and distributed the AFFF or TOG products, Defendants knew of the use for which it was intended, and implied and/or expressly warranted that the product was merchantable, safe, and fit for its intended purpose.

721.    Defendants warranted that the product was merchantable and fit for the particular purpose for which it was intended and would be reasonably safe. These warranties were breached, and such breach proximately resulted in the injuries and damages suffered by Plaintiffs.

722.     Plaintiffs are within the class of foreseeable users and reasonably relied upon Defendants' judgment, and the implied and/or express warranties in using the products.

723.     Defendants breached their implied and/or express warranties and did not meet the ex merchantable quality nor safe for its intended use in that the product has a propensity to cause serious injury, pain, and cancer.

WHEREFORE, Plaintiffs pray judgments against Defendants for actual, compensatory, consequential, and punitive damages, together with the costs of this action, and for such other and further relief as this Court may deem fit, just, and proper.

## COUNT IX
## WANTONNESS

724.     Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as if restated in full herein.

725.     Defendants and their employees, agents, officers, and representatives owed a duty of care to end users of their AFFF or TOG products, including Plaintiffs.

726.     Defendants breached the duty of care owed to Plaintiffs.

727.     The actions of Defendants and their employees, agents, officers, and representatives were willful and wanton and exhibited a reckless disregard for the life, health, and safety of the end users of Defendants' AFFF or TOG products, including Plaintiffs.

728.     As a proximate and foreseeable consequent of the actions of Defendants, Plaintiffs were exposed to unreasonably dangerous toxic PFAS containing AFFF or TOG, which caused Plaintiffs' injury.

WHEREFORE, Plaintiffs pray judgments against Defendants for actual, compensatory, consequential, and punitive damages, together with the costs of this action, and for such other and further relief as this Court may deem fit, just, and proper.

100

## COUNT X
## PUNITIVE DAMAGES

729.     Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as if restated in full herein.

730.     Upon information and belief, Defendants engaged in willful, wanton, malicious, and or/reckless conduct that was done without regard to the consequences or the safety of Plaintiffs and caused the foregoing injuries upon Plaintiffs, disregarding their protected rights.

731.     Defendants' willful, wanton, malicious, and/or reckless conduct includes but is not limited to Defendants' failure to take all reasonable measures to ensure Plaintiffs were not exposed to PFAS which Defendants knew were linked to serious medical conditions.

732.     Defendants have caused significant harm to Plaintiffs and have demonstrated a conscious and outrageous disregard for their safety with implied malice, warranting the imposition of punitive damages.

## TOLLING OF THE STATUTE OF LIMITATIONS
### Discovery Rule Tolling

733.     Plaintiffs had no way of knowing about the risk of serious injury associated with the use of and exposure to PFAS until very recently.

734.     Within the time period of any applicable statute of limitations, Plaintiffs could not have discovered, through the exercise of reasonable diligence, that exposure to PFAS is harmful to human health.

735.     Plaintiffs did not discover and did not know of facts that would cause a reasonable person to suspect the risk associated with the use of and exposure to PFAS; nor would a reasonable and diligent investigation by Plaintiffs have disclosed that PFAS could cause personal injury.

736.     For these reasons, all applicable statutes of limitations have been tolled by operation of the

discovery rule with respect to Plaintiffs' claims.

## Fraudulent Concealment Tolling

737.  All applicable statute of limitations have also been tolled by Defendants knowing and active fraudulent concealment and denial of the facts alleged herein throughout the time period relevant to this action.

738.  Instead of disclosing critical safety information regarding AFFF or TOG, Defendants have consistently and falsely represented the safety of AFFF or TOG products.

739.  This fraudulent concealment continues through present day.

740.  Due to this fraudulent concealment, all applicable statutes of limitations have been tolled by operation of the discovery rule with respect to Plaintiffs' claims.

## Estoppel

741.  Defendants were under a continuous duty to consumer, end users, and other persons coming into contact with their products, including Plaintiffs, to accurately provide safety information concerning its products and the risk associated with the use of and exposure to AFFF or TOG.

742.  Instead, Defendants knowingly, affirmatively, and actively concealed safety information concerning AFFF or TOG and the serious risks associated with the use of and exposure to AFFF or TOG.

743.  Based on the foregoing, Defendants are estopped from relying on any statute of limitations in defense of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment and an award of damages against Defendants, as follows:

          a)   special damages, to include past and future medical and incidental expenses, according to proof;

b) past and future loss of earnings and/or earning capacity, according to proof;

c) past and future general damages, to include pain and suffering, emotional distress and mental anguish, according to proof;

d) pre-judgment and post-judgment interest;

e) the costs of this action; and

f) treble and/or punitive damages to Plaintiffs; and

g) granting any and all such other and further legal and equitable relief as the Court deems necessary, just and proper.

**BAGOLIE-FRIEDMAN, LLC,**
Attorneys for Plaintiffs

Dated:                By:

ALAN T. FRIEDMAN

**STAG LIUZZA, LLC**
Attorneys for Plaintiffs
(Merritt Cunningham to be Admitted Pro Hac Vice)

Dated:                By: /s/ *Merritt Cunningham*

MERRITT CUNNINGHAM

**STAG LIUZZA, LLC**
Attorneys for Plaintiffs
(Michael G. Stag to be Admitted Pro Hac Vice)

Dated:                By: /s/ *Michael G. Stag*

MICHAEL G. STAG

## JURY DEMAND

Plaintiffs hereby demand a trial by jury.

103

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Alan T. Friedman is hereby designated as trial counsel in this matter.

## CERTIFICATION PURSUANT TO R. 1:7-1(b)

PLEASE TAKE NOTICE that Plaintiffs intend to utilize the Time Unit Rule at closing.

## CERTIFICATION PURSUANT TO R. 1:38-7(C)

I certify that confidential personal identifiers have been redacted from documents now submitted to the Court and will be redacted from all documents in the future in accordance with Rule 1:38-7(b).

## DISCOVERY FOR DEMAND OF INSURANCE COVERAGE

The undersigned attorney for Plaintiffs hereby demand that proof of all insurance which may extend coverage to defendants for the subject incident and the limits of said coverage be furnished to plaintiffs within five (5) days of the date hereof.

## DEMAND FOR ANSWERS TO FORM C AND FORM C(4) INTERROGATORIES

PLEASE TAKE NOTICE pursuant to R. 4:17-1(b), plaintiffs demand certified answers to Form C and C(4) Uniform Interrogatories set forth in Appendix to the Rules governing Civil Practice.

## CERTIFICATION

Plaintiffs certify that the foregoing action is not the subject of any other action pending in any other court or arbitration proceeding and that no other action or arbitration proceeding is contemplated at this time. Plaintiffs further certify that no other persons are known to them who should be joined as parties at this time. Plaintiffs are aware that if the statements contained within this certification are knowingly false, that they may be subject to punishment.

**BAGOLIE-FRIEDMAN, LLC**
Attorneys for Plaintiffs

Dated:                              By:

                                    ALAN T. FRIEDMAN


**STAG LIUZZA, LLC**
Attorneys for Plaintiffs
(Merritt Cunningham to be Admitted Pro Hac Vice)


Dated:                              By: /s/ *Merritt Cunningham*

                                    MERRITT CUNNINGHAM



**STAG LIUZZA, LLC**
Attorneys for Plaintiffs
(Michael G. Stag to be Admitted Pro Hac Vice)


Dated:                              By: /s/ *Michael G. Stag*

                                    MICHAEL G. STAG

# Civil Case Information Statement

| Case Details: MORRIS | Civil Part Docket# L-002508-24 |
|---|---|

Case Type: PRODUCT LIABILITY

Document Type: Complaint with Jury Demand

Jury Demand: YES - 12 JURORS

Is this a professional malpractice case?  NO

Related cases pending: NO

If yes, list docket numbers:

Do you anticipate adding any parties (arising out of same transaction or occurrence)? NO

Does this case involve claims related to COVID-19? NO

Are sexual abuse claims alleged by: Richard Huhn? NO

Are sexual abuse claims alleged by: Janice Abrams-Young? NO

Are sexual abuse claims alleged by: Emma Adames? NO

Are sexual abuse claims alleged by: Jared Allen? NO

Are sexual abuse claims alleged by: Kelvin Allen? NO

Are sexual abuse claims alleged by: Chad Arment? NO

Are sexual abuse claims alleged by: Rebecca Armstrong? NO

Are sexual abuse claims alleged by: David Ashburn? NO

Are sexual abuse claims alleged by: Bradley Balding? NO

Are sexual abuse claims alleged by: Bradley Balster? NO

Are sexual abuse claims alleged by: Edward Barry? NO

Are sexual abuse claims alleged by: Roger Bassinger? NO

Are sexual abuse claims alleged by: Todd Beehler? NO

Are sexual abuse claims alleged by: Tyrone Bell? NO

Are sexual abuse claims alleged by: Benjamin Berkowitz? NO

Are sexual abuse claims alleged by: Jeffrey Berry? NO

Are sexual abuse claims alleged by: Karrie Boomer? NO

Are sexual abuse claims alleged by: Mark Bowman? NO

Are sexual abuse claims alleged by: Curtis Boyette? NO

Are sexual abuse claims alleged by: James Bracci? NO

Are sexual abuse claims alleged by: Cedric Bragg? NO

Are sexual abuse claims alleged by: Walter Brooks? NO

Are sexual abuse claims alleged by: Matthew Brown? NO

Are sexual abuse claims alleged by: Zach Brown? NO

Are sexual abuse claims alleged by: Herman Buchanan? NO

Are sexual abuse claims alleged by: Daniel Bullock? NO

Are sexual abuse claims alleged by: Austin Burkhalter? NO

Are sexual abuse claims alleged by: Bryan Burns? NO

Are sexual abuse claims alleged by: Jesse Burroughs? NO

Are sexual abuse claims alleged by: Jeffrey Campbell? NO

Are sexual abuse claims alleged by: Paul Carangelo? NO

Are sexual abuse claims alleged by: Edward Carmichael? NO

Are sexual abuse claims alleged by: Fernando Carrasco? NO

Are sexual abuse claims alleged by: Robert Caulkins? NO

Are sexual abuse claims alleged by: Jeffrey Campbell? NO

Are sexual abuse claims alleged by: Paul Carangelo? NO

Are sexual abuse claims alleged by: Edward Carmichael? NO

Are sexual abuse claims alleged by: Fernando Carrasco? NO

Are sexual abuse claims alleged by: Robert Caulkins? NO

Are sexual abuse claims alleged by: Kenneth Chambers? NO

Are sexual abuse claims alleged by: Timothy Clark? NO

Are sexual abuse claims alleged by: Gustavo Claudio? NO

Are sexual abuse claims alleged by: Jeremy Coleman? NO

Are sexual abuse claims alleged by: Aaron Collins? NO

Are sexual abuse claims alleged by: Brian Copper? NO

Are sexual abuse claims alleged by: Terese Corman? NO

Are sexual abuse claims alleged by: Carlos Coronado? NO

Are sexual abuse claims alleged by: Jack Cox? NO

Are sexual abuse claims alleged by: Keith Cox? NO

Are sexual abuse claims alleged by: Bennie Craig? NO

Are sexual abuse claims alleged by: Charles Crain? NO

Are sexual abuse claims alleged by: James Dacus? NO

Are sexual abuse claims alleged by: Dale Daugherty? NO

Are sexual abuse claims alleged by: Franklin Davis? NO

Are sexual abuse claims alleged by: Dave Dawley? NO

Are sexual abuse claims alleged by: Daniel Delifus? NO

Are sexual abuse claims alleged by: William Dorn? NO

Are sexual abuse claims alleged by: Robert Dowell? NO

Are sexual abuse claims alleged by: Tracy Drake? NO

Are sexual abuse claims alleged by: John Duggan? NO

Are sexual abuse claims alleged by: David Dymkoski? NO

Are sexual abuse claims alleged by: Gregory Dysart? NO

Are sexual abuse claims alleged by: Stephanie Eads? NO

Are sexual abuse claims alleged by: Jeffery Early? NO

Are sexual abuse claims alleged by: Jacquelin Edwards? NO

Are sexual abuse claims alleged by: David Elder? NO

Are sexual abuse claims alleged by: Steve Elliott? NO

Are sexual abuse claims alleged by: John Elms? NO

Are sexual abuse claims alleged by: Raven Fahle? NO

Are sexual abuse claims alleged by: Wayne Fanslau? NO

Are sexual abuse claims alleged by: Cecil Farmer? NO

Are sexual abuse claims alleged by: Joshua Farr? NO

Are sexual abuse claims alleged by: Sharon Finney? NO

Are sexual abuse claims alleged by: Ernest Fisher? NO

Are sexual abuse claims alleged by: Carl Fleming? NO

Are sexual abuse claims alleged by: Wilfredo Florez? NO

Are sexual abuse claims alleged by: Brent Fonner? NO

Are sexual abuse claims alleged by: Alicia Ford? NO

Are sexual abuse claims alleged by: Michael Ford? NO

Are sexual abuse claims alleged by: George Fordyce? NO

Are sexual abuse claims alleged by: Jason Fore? NO

Are sexual abuse claims alleged by: Samuel Garana? NO

Are sexual abuse claims alleged by: Jordan Girard? NO

Are sexual abuse claims alleged by: Kyle Graley? NO

Are sexual abuse claims alleged by: Betty Grant-Anderson? NO

Are sexual abuse claims alleged by: Alonzo Gregg? NO

Are sexual abuse claims alleged by: William Grey? NO

Are sexual abuse claims alleged by: Kerry Grubb? NO

Are sexual abuse claims alleged by: Racheal Guillory? NO

Are sexual abuse claims alleged by: Jaime Gutierrez? NO

Are sexual abuse claims alleged by: James Hall? NO

Are sexual abuse claims alleged by: Richard Hamilton? NO

Are sexual abuse claims alleged by: Charles Hance? NO

Are sexual abuse claims alleged by: Charles Harris? NO

Are sexual abuse claims alleged by: Patrick L Hart? NO

Are sexual abuse claims alleged by: Debrah Hemminger? NO

Are sexual abuse claims alleged by: Julia Julia Hernandez? NO

Are sexual abuse claims alleged by: Jason Hersh? NO

Are sexual abuse claims alleged by: Terry Hetrick? NO

Are sexual abuse claims alleged by: Frank Hickey? NO

Are sexual abuse claims alleged by: Veronica Higareda? NO

Are sexual abuse claims alleged by: Nelson Hill? NO

Are sexual abuse claims alleged by: Robert Hinson? NO

Are sexual abuse claims alleged by: Mark Hoffarth? NO

Are sexual abuse claims alleged by: Wayne Holcombe? NO

Are sexual abuse claims alleged by: James Holler? NO

Are sexual abuse claims alleged by: Dennis Hubner? NO

Are sexual abuse claims alleged by: Joel Hyman? NO

Are sexual abuse claims alleged by: Ryan Ingles? NO

Are sexual abuse claims alleged by: Ana Irigoyen? NO

Are sexual abuse claims alleged by: Lashanda Jackson? NO

Are sexual abuse claims alleged by: Robert Jackson? NO

Are sexual abuse claims alleged by: Wendy Johanson? NO

Are sexual abuse claims alleged by: Steven Jonas? NO

Are sexual abuse claims alleged by: Walter Jones? NO

Are sexual abuse claims alleged by: John Junkers? NO

Are sexual abuse claims alleged by: Marke Jurek? NO

Are sexual abuse claims alleged by: Raymond Kawa? NO

Are sexual abuse claims alleged by: Charles Keener? NO

Are sexual abuse claims alleged by: Kevin Kerr? NO

Are sexual abuse claims alleged by: David Keye? NO

Are sexual abuse claims alleged by: James Knight? NO

Are sexual abuse claims alleged by: June Kocis? NO

Are sexual abuse claims alleged by: Larry Kramer? NO

Are sexual abuse claims alleged by: Jeffrey Kreider? NO

Are sexual abuse claims alleged by: Bobbi Kreiser? NO

Are sexual abuse claims alleged by: Lori Lake? NO

Are sexual abuse claims alleged by: Alexandra L Davis? NO

Are sexual abuse claims alleged by: Thomas Lawley? NO

Are sexual abuse claims alleged by: Joshua Lecheler? NO

Are sexual abuse claims alleged by: Lawrence Lee? NO

Are sexual abuse claims alleged by: Scott Leonhardt? NO

Are sexual abuse claims alleged by: Corey Lewings? NO

Are sexual abuse claims alleged by: Randall Logan? NO

Are sexual abuse claims alleged by: Andrea Lopez? NO

Are sexual abuse claims alleged by: Kevin Lord? NO

Are sexual abuse claims alleged by: Edward Lorek? NO

Are sexual abuse claims alleged by: Joshua Maestas? NO

Are sexual abuse claims alleged by: Veasna Mao? NO

Are sexual abuse claims alleged by: Wilbur Mar? NO

Are sexual abuse claims alleged by: Thomas Marciniak? NO

Are sexual abuse claims alleged by: Gary Marozas? NO

Are sexual abuse claims alleged by: Reginald Martin? NO

Are sexual abuse claims alleged by: Reginald Martin? NO

Are sexual abuse claims alleged by: William Martin? NO

Are sexual abuse claims alleged by: Connie Martinez? NO

Are sexual abuse claims alleged by: George Massey? NO

Are sexual abuse claims alleged by: Joaquin Mcdowel? NO

Are sexual abuse claims alleged by: William Mcintire? NO

Are sexual abuse claims alleged by: Charles Mcnair? NO

Are sexual abuse claims alleged by: Benny Melton? NO

Are sexual abuse claims alleged by: Gary Merill? NO

Are sexual abuse claims alleged by: Monte Miller? NO

Are sexual abuse claims alleged by: Jaynene Miskel? NO

Are sexual abuse claims alleged by: Thomas Mitchell? NO

Are sexual abuse claims alleged by: Darcey Moffatt? NO

Are sexual abuse claims alleged by: Kenneth Montagu? NO

Are sexual abuse claims alleged by: Christoph Montenegro? NO

Are sexual abuse claims alleged by: Michael Montoya? NO

Are sexual abuse claims alleged by: Deborah Mooney? NO

Are sexual abuse claims alleged by: Abel Morales? NO

Are sexual abuse claims alleged by: Edward Morales? NO

Are sexual abuse claims alleged by: Jeffrey Morgan? NO

Are sexual abuse claims alleged by: George Nahm? NO

Are sexual abuse claims alleged by: Mark Napier? NO

Are sexual abuse claims alleged by: Nicholas Neil? NO

Are sexual abuse claims alleged by: Nathaniel Nelson? NO

Are sexual abuse claims alleged by: Margaret Nesbit? NO

Are sexual abuse claims alleged by: Christoph Nichols? NO

Are sexual abuse claims alleged by: Jermaine Noble? NO

Are sexual abuse claims alleged by: Babatunde Olujobi? NO

Are sexual abuse claims alleged by: Dwight Onley? NO

Are sexual abuse claims alleged by: Charles Opry? NO

Are sexual abuse claims alleged by: Deborah Owens? NO

Are sexual abuse claims alleged by: William Paese? NO

Are sexual abuse claims alleged by: Marisa Parker? NO

Are sexual abuse claims alleged by: Cordella Pearcey? NO

Are sexual abuse claims alleged by: Allen Penn? NO

Are sexual abuse claims alleged by: Tommy Phillips? NO

Are sexual abuse claims alleged by: Jessica Phillips-Breznican? NO

Are sexual abuse claims alleged by: Hans Pinto? NO

Are sexual abuse claims alleged by: Dorothy Porter? NO

Are sexual abuse claims alleged by: Shari Potter? NO

Are sexual abuse claims alleged by: Kylie Rasmussen? NO

Are sexual abuse claims alleged by: Glenn Reilly? NO

Are sexual abuse claims alleged by: Jessica Reilly? NO

Are sexual abuse claims alleged by: Cleveland Reynolds? NO

Are sexual abuse claims alleged by: Dennis Rice? NO

Are sexual abuse claims alleged by: Christoph Robinson? NO

Are sexual abuse claims alleged by: Jacob Ross? NO

Are sexual abuse claims alleged by: Gerald Rowe? NO

Are sexual abuse claims alleged by: Ralph Rozevink? NO

Are sexual abuse claims alleged by: George Ruiz? NO

Are sexual abuse claims alleged by: Laurie Sales? NO

Are sexual abuse claims alleged by: Toni Schilb? NO

Are sexual abuse claims alleged by: James Sears? NO

Are sexual abuse claims alleged by: Ronald Seeberg? NO

Are sexual abuse claims alleged by: Brett Seliger? NO

Are sexual abuse claims alleged by: Clint Sessions? NO

Are sexual abuse claims alleged by: Sonny Shamoon? NO

Are sexual abuse claims alleged by: Jensen Shirley? NO

Are sexual abuse claims alleged by: Brad Skoog? NO

Are sexual abuse claims alleged by: Melanie Smith? NO

Are sexual abuse claims alleged by: Kyle Solakian? NO

Are sexual abuse claims alleged by: William Stenger? NO

Are sexual abuse claims alleged by: Alycia Stokes? NO

Are sexual abuse claims alleged by: Jimmie Sutterfield? NO

Are sexual abuse claims alleged by: Richard Swayz? NO

Are sexual abuse claims alleged by: Jimmy Taber? NO

Are sexual abuse claims alleged by: Ray Tarr? NO

Are sexual abuse claims alleged by: Charles K Tarver? NO

Are sexual abuse claims alleged by: Daniel Taylor? NO

Are sexual abuse claims alleged by: Sherry Thompson? NO

Are sexual abuse claims alleged by: Trevor Thomson? NO

Are sexual abuse claims alleged by: Boyd Tucker? NO

Are sexual abuse claims alleged by: Andrew Valles? NO

Are sexual abuse claims alleged by: Francisco Valtiera? NO

Are sexual abuse claims alleged by: Jack Vanderberg? NO

Are sexual abuse claims alleged by: Charles Veale? NO

Are sexual abuse claims alleged by: David Vicente? NO

Are sexual abuse claims alleged by: John Vittera? NO

Are sexual abuse claims alleged by: Kenneth Volen? NO

Are sexual abuse claims alleged by: John Wagner? NO

Are sexual abuse claims alleged by: Jonathan Wallace? NO

Are sexual abuse claims alleged by: Thomas Wallace? NO

Are sexual abuse claims alleged by: Louis Wallgren? NO

Are sexual abuse claims alleged by: Brent Walton? NO

Are sexual abuse claims alleged by: Dale Weaver? NO

Are sexual abuse claims alleged by: Terry Welch? NO

Are sexual abuse claims alleged by: Dimetric White? NO

Are sexual abuse claims alleged by: Josie White? NO

Are sexual abuse claims alleged by: Kevin White? NO

Are sexual abuse claims alleged by: Scott Whitehurst? NO

Are sexual abuse claims alleged by: Randall Whitman? NO

Are sexual abuse claims alleged by: Ty Whittaker? NO

Are sexual abuse claims alleged by: David Wiese? NO

Are sexual abuse claims alleged by: Al J Williams? NO

Are sexual abuse claims alleged by: April Williams? NO

Are sexual abuse claims alleged by: Curtis Williams? NO

Are sexual abuse claims alleged by: Scott K Williams? NO

Are sexual abuse claims alleged by: John Williamson? NO

Are sexual abuse claims alleged by: Anna Wilson? NO

Are sexual abuse claims alleged by: Anthony Wilson? NO

Are sexual abuse claims alleged by: Donald Withrow? NO

Are sexual abuse claims alleged by: Frank Wleklinski? NO

Are sexual abuse claims alleged by: Ronald Woodall? NO

Are sexual abuse claims alleged by: James Woodard? NO

Are sexual abuse claims alleged by: Mark Woods? NO

Are sexual abuse claims alleged by: Dennis Wright? NO

Are sexual abuse claims alleged by: James Wyckoff? NO

Are sexual abuse claims alleged by: Ronald Young? NO

Are sexual abuse claims alleged by: Scott Young? NO

Are sexual abuse claims alleged by: Shawn Young? NO

Are sexual abuse claims alleged by: Christoph Youngblood? NO

Case Caption: HUHN RICHARD VS THE 3M COMPANY

Case Initiation Date: 12/20/2024

Attorney Name: ALAN TODD FRIEDMAN

Firm Name: BAGOLIE FRIEDMAN LLC

Address: 648 NEWARK AVENUE

JERSEY CITY NJ 07306

Phone: 2016568500

Name of Party: PLAINTIFF : Huhn, Richard

Name of Defendant's Primary Insurance Company

(if known): Unknown

---

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? NO

If yes, is that relationship:

Does the statute governing this case provide for payment of fees by the losing party? NO

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:

Do you or your client need any disability accommodations? NO
    If yes, please identify the requested accommodation:

Will an interpreter be needed? NO
    If yes, for what language:

Please check off each applicable category: Putative Class Action? NO  Title 59? NO  Consumer Fraud? NO
Medical Debt Claim? NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

12/20/2024                                                      /s/ ALAN TODD FRIEDMAN
Dated                                                                    Signed

MORRIS COUNTY SUPERIOR COURT
PO BOX 910
MORRISTOWN        NJ 07963

                                    TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (862) 397-5700
COURT HOURS  8:30 AM - 4:30 PM

                    DATE:    DECEMBER 20, 2024
                    RE:      HUHN RICHARD  VS THE 3M COMPANY
                    DOCKET: MRS L -002508 24

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON STEPHAN C. HANSBURY

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      001
AT:  (862) 397-5700 EXT 75351.

      IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
      PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:
                              ATT: ALAN T. FRIEDMAN
                              BAGOLIE FRIEDMAN LLC
                              648 NEWARK AVENUE
                              JERSEY CITY        NJ 07306


ECOURTS